STATE OF MISSISSIPPI v. CHARLES E. FURLONG.

1. LIMITATION OF ACTIONS. *Fraudulent concealment of cause of action. Statute construed.*
Where, by reason of the perpetration of a fraud, a cause of action has arisen against one not occupying any relation of trust or confidence towards the party acquiring the right of action, and the fraud is a matter of public record, and no affirmative act is done or declaration made, calculated to lull suspicion, then there is no such fraudulent concealment of the cause of action as will suspend the operation of the Statute of Limitations.

2. SAME. *Absence from State. Residence elsewhere. Rule. Exception.*
The rule that in order to stop the running of the Statute of Limitations by reason of absence from the State there must be a concurrence of absence from the State and the acquisition of a fixed residence or domicil elsewhere, is subject to the exception that where the absent debtor leaves no residence or domicil in this State, at which constructive service of process may be made upon him, the statute will not run in his favor, though he should not acquire a residence or domicil out of the State.

3. SAME. *Absence from State. No residence elsewhere. Case in judgment.*
Where a bachelor, who, during his residence in this State, usually boarded at a hotel, has absented himself from the State for two years, and left no place at which, or person with whom, a summons could be placed so as to give him legal notice of the institution of a suit against him, he cannot claim the protection of the Statute of Limitations during that time upon the ground that he never acquired a new location elsewhere, but remained a resident of this State.

APPEAL from the Circuit Court of Warren County.

Hon. WARREN COWAN, being disqualified to sit in this case, T. M. MILLER, Esq., by agreement of the parties, presided as Special Judge.

This is an action, commenced on the 29th of November, 1880, in behalf of the State to recover of Charles E. Furlong the aggregate amount of divers sums of money obtained by the defendant on false claims, as is alleged, for pretended ser-

vices rendered by him during the years 1871, 1872, and 1873, as sheriff and *ex-officio* jailor of Warren County, in feeding and otherwise taking care of the prisoners in the jail of that county. The defendant plead the six years' Statute of Limitations as a bar to the action. The plaintiff replied, (1) that the defendant had fraudulently concealed the cause of action, and (2) that he had been absent from and resident out of the State, and that by reason of either fact the bar of the statute had not attached when the action was commenced. Issue was joined, and the case came on for trial in March, 1883.

After all of the evidence for the plaintiff had been introduced, " the defendant moved the court to exclude all the evidence offered by the plaintiff in the cause, because (1) it neither proved nor tended to prove that the defendant had fraudulently concealed the cause of action described in the declaration from the knowledge of the plaintiff, so that it could not have been discovered by the exercise of reasonable diligence on the part of the plaintiff; and because (2) the evidence did not prove nor tend to prove that defendant was absent from and resident out of the State at any time after the cause of action accrued, and before the commencement of this suit, so as to stop the Statute of Limitations from running against the demand." The court sustained the motion, and then, at the instance of the defendant, instructed the jury " to find the issues joined for the defendant for want of evidence on the part of the plaintiff." The character and effect of the evidence adduced are sufficiently indicated in the opinion of the court.

*H. C. McCabe*, for the appellant.

As to defendant's absence from and residence out of the State, the fact that Furlong left money and bonds within the State did not keep the statute running in his favor, while he was absent from the State. *Fisher* v. *Fisher*, 43 Miss. 212. On the plaintiff's evidence alone defendant was a non-resident, and the State should have had judgment. On the evidence of the State and defendant plaintiff was entitled to a

verdict.   2 Pars. on Con. 580 ; *Morgan* v. *Nunes*, 54 Miss.
308 ; *Haggart* v. *Morgan*, 1 Seld. 422 ; *Frost* v. *Brisbane*, 19
Wend. 11 ; 2 Kent's Com. 431 ; *Crawford* v. *Wilson*, 4 Barr.
504 ; *Brewer* v. *Lannier*, 36 Mo. 428 ; *Thompson's Case*, 1
Wend. 43.   The *animus revertendi* need not be abandoned to
make non-residence.   *McKieran* v. *Massengill*, 6 Smed. & M.
375 ; *Alston* v. *Newcomer*, 42 Miss. 186 ; 20 Johns, 208 ; 19
Wend. 11 ; 8 Wend. 140 ; 4 Barb. 504 ; 6 How. 163 ; 4
Wend. 602.

  On replication setting up fraud see : *Boothe* v. *Lord
Warrington*, 4 Bro. P. C. 163 ; *South Lea Co.* v. *Wy-
minsel*, 3 P. Wms. 143 ; *Hovenden* v. *Lord Annessley*, 2
Scholes, 634 ; *Sherwood* v. *Sutton*, 5 Mason, 143 ; *Petrie* v.
*Petrie*, 1 Drew. 393 ; *Langly* v. *Fisher*, 9 Beav. 90 ;
*Lewis* v. *Thomas*, 1 Hare, 26 ; *Moore* v. *Greene*, 19 How. 69 ;
*Snodgrass* v. *Bank of Decatur*, 25 Ala. 161 ; 21 Wall. — ;
20 N. H. 187.   Where one party to a contract makes a posi-
tive representation, it is not laches in the other not to proceed
immediately to verify that representation.   Until he has
reason to doubt its accuracy laches cannot commence.   Big.
on Fr. 447 ; *Partridge* v. *Osborne*, 5 Russ. 232 ; *Sankey* v.
*Alexander*, 9 I. R. Eq. 259, 316 ; *Reynel* v. *Sprye*, 1 D. G. M.
& G. 709 ; *Bell* v. *Lamprey*, 52 N. H. — ; *Sparks* v. *Farmers'
Bank*, 9 Am. Law Reg. 365 ;   20 N. H. 187.   Where the
fraud is of such a character as to conceal itself, no subsequent
positive act of concealment need be proven : *Massaschusetts
Turnpike Co.* v. *Tidd*, 3 Mass. 201 ; *Bank of* ——— v.
*Harris*, 118 Mass. 147 ; *Wear* v. *Skinner*, 46 Md. 262 ; 20 N.
H. 187 ; 34 Cal. 257 ; 52 N. H. — ; 9 Am. Law Reg. 365.
The court excluded during the progress of the trial all of the
evidence going to show that defendant charged turnkeys for
the reason that they were paid under a mistake of law.   This
was error.   *Howe* v. *The State*, 53 Miss. 57.   The court ex-
cluded all the evidence going to show a mutilation of defend-
ant's jail record.   This evidence was admissible to show (1)
that he was trying to conceal the cause of action, and (2)
to show that by exercise of reasonable diligence the plaintiff

could not have discovered the fraud. The evidence sufficiently connected him with its destruction. But it makes no difference whether he mutilated it or not; somebody did, and without it, the plaintiffs, although ever so diligent, could not have, and, in fact, have not ascertained all the facts which that register would have disclosed. Its destruction has not only been an impediment, but an insuperable one to the plaintiff's discovery of these frauds. In conclusion I ask the court, if the evidence warrants it, to treat defendant's motion as a demurrer to the evidence, and to reverse the judgment of the court below.

*H. C. McCabe*, also made an oral argument.

*Murray F. Smith*, for the appellee.

1. The decisions of our own court upon the question of what constitutes such a fraudulent concealment as to stop the running of the Statute of Limitations are numerous and, taken with the language of the statute, leave no room for doubt that it requires some positive act of concealment by the defendant, and not only that, but it must be an act of such a character as to prevent the plaintiff from discovering the cause of action by the use of reasonable diligence. Thus, in *Young* v. *Cook*, 1 Geo. 320, it was held " that it is no answer to the statute set up by an executor against the claim of a specific legatee, if the records of the court in which the will was probated, would disclose the legatee's rights." The will was on record, and the legatee could have discovered the fact at any time that he was entitled to the specific legacy by examining the will. In this case there was the lack of reasonable diligence. In *Cook* v. *Lindsey*, 5 Geo. 451, it was held that " the fraud of an agent in denying the reception of money, from a source well known to the principal, is no exception to the statute, since the application at the source would have furnished the information." In *Fleming* v. *Grafton*, 54 Miss. 83, " it was held that the doctrine of concealed fraud does not apply to a fraudulent conveyance, which has been recorded, and the circumstances were public." Judge

Simrall says :  " If he (*i.e.*, complainant) has lost his lien by failure to act in proper time it is referable to his own negligence." These cases are all based on states of fact, which show want of reasonable diligence. See also *Edwards* v. *Gibbs*, 10 Geo. 166 ; *Wilson* v. *Ivey*, 3 Geo. 233 ; *Buckner* & *Stanton* v. *Calcote*, 28 Miss. 432. Certainly, after the decision of the case of *Furlong* v. *The State*, in 58 Miss. 717, it will not be contended — that in presenting his accounts as jailor — that the defendant occupied any relation of trust and confidence towards the State, which rendered it the duty of defendant to disclose the true state of case, in the sense of *Ivey* v. *Wilson* and *Buckner* & *Stanton* v. *Calcote*, *supra*. The following authorities show that the statute making an exception when the defendant has fraudulently concealed the cause of action, has no application here : (1) because there is no testimony to show any acts of fraudulent concealment done and committed by the defendant, with a view to prevent discovery ; (2) because there is no testimony to show that the discovery was not made only within six years before the commencement of this action ; (3) because there is nothing in the evidence to show that the matters and things complained of might not have been discovered by the use of reasonable diligence. See 2 Greenl. 448 ; *Farnam* v. *Brooks*, 9 Pick. 246 ; *Bishop* v. *Little*, 3 Greenl. 408 ; *Douglas* v. *Elkins*, 8 Fost. 26 ; *Cole* v. *McGlathey*, 9 Greenl. 131.

Our statute requires not only absence from, but residence out of, the State after the cause of action accrued, in order to bring the case within the exception to the operation of the Statute of Limitations. See *Withers* v. *Bullock*, 53 Miss. 537 ; *Pindel* v. *Harris*, 57 Miss. 739 ; *Campbell* v. *White*, 22 Mich. 195.  "So when the fact of residence in a place is ascertained or conceded, it is to be deemed to continue until there is proof of a change of location, with intent to make such location a new home, in the sense above described, not merely for a temporary purpose, but with a fixed purpose to remain, without a present intention to return."   *Campbell* v. *White*, 22 Mich. 198.

*Murray F. Smith*, made an oral argument also.

CHALMERS, J., delivered the opinion of the court.

· Two replications are relied on to defeat defendant's plea of the Statute of Limitations : First, that defendant had fraudulently concealed the cause of action ; second, that he had been absent from and resided out of the State.

The court properly ruled that the evidence adduced neither proved nor tended to prove a case of fraudulent concealment of the cause of action, within the meaning of the statute.

The evidence did tend strongly to show that defendant had been guilty of the grossest frauds in obtaining an allowance of his claim against the State for keeping prisoners in the county jail while he was sheriff, but there was nothing to indicate any steps taken by him to conceal his action in that regard. His acts were matters of public notoriety and of public record, and by the exercise of due diligence on the part of the officers of the State might as well have been discovered at the time they occurred as afterwards. It is not shown that any new development of any sort led to their discovery, nor is it shown when or how they first became known. For aught that is proved, all the facts were as notorious at the time as they now are. The former adjudication in this case ( 58 Miss. 717 ), declared that in the propounding of his claim for jail fees, he was not acting in his official character, but simply as an ordinary suitor propounding a demand against the State. Hence, we cannot say that any relation of trust and confidence existed between him and the State. Where no such relation exists, where the frauds complained of are matters of record, which the exercise of reasonable diligence would have revealed, and where there has been no affirmative conduct or declarations calculated to lull suspicion, no fraudulent concealment within the meaning of the law has been made out. *Calcote* v. *Buckner*, 28 Miss. 432.

The ruling of the court on the facts proved under the second replication to the plea of the Statute of Limitations was erroneous.

While it is true, as argued by counsel for defendant, that in

order to stop the running of the Statute of Limitations, by reason of absence from the State, there must be a concurrence of absence from the State and the acquisition of a fixed residence or domicil elsewhere, this is not true where the defendant did not have in this State a residence or domicil at which a summons might be left, so as to give constructive service of process upon him. If a citizen of this State departs, leaving here a fixed and known place of abode, recognized by himself and acquaintances as his home, the Statute of Limitations will continue to run in his favor, no matter how prolonged his absence, until he has acquired a settled location or home abroad. In such a case his creditors may bring suit against him at any time by leaving the summons at his home here, and it is their own folly if they do not do so. But if a citizen of the State departs from it, having never had any fixed residence or home here, or having broken it up by his departure, no such result will follow, for the reason that during his absence, however temporary, he deprives his creditors of all opportunity to sue. The law will never allow a debtor to so conduct himself as to prevent the possibility of his being sued, and at the same time claim that the Statute of Limitations shall run in his favor. *Hackett* v. *Kendall*, 23 Vt. 275; *Gillman* v. *Cutts*, 7 Fost. 348; *Langdon* v. *Doud*, 6 Allen, 425.

The defendant in this case was a bachelor and never had any home or settled establishment in this State. He usually boarded at a hotel in the city of Vicksburg, and when he left the city there was no place at which, and no person with whom, a summons could be left so as to give him legal notice of the institution of a suit against him. He absented himself from the State for two years and yet claimed the protection of the Statute of Limitations during that period, upon the ground that he never acquired elsewhere a new location, but remained all the while a citizen and resident of Vicksburg.

The claim is not maintainable.

It is insisted on behalf of appellee that this requirement of

the existence of a residence here, however wise, is not warranted by the letter of the statute, and that the legislative omission of it cannot be supplied by the court. True, it is not expressly contained in the statute, but is plainly implied by it. Sect. 2678, Code of 1880, is in these words : " If, after any cause of action shall have accrued in this State, the person against whom it has accrued shall be absent from and reside out of this State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action after his return." Under similar statutes the courts of all the States hold that the words " reside out of the State " are equivalent to the words having a residence out of the State, and that unless the absent debtor acquires a residence beyond the State, the statute continues to run in his favor. This being true it must be that the words " reside out of the State " (having a residence out of the State), necessarily imply the further words " not residing in the State," or " not having a residence in the State." To hold otherwise would be to say that the Legislature intended to give the benefit of the Statute of Limitations to a citizen who, having contracted a debt here, abandons his residence, and by acquiring none elsewhere defeats the debt by lapse of time, unless the creditor pursues him in person and sues him " on the wing."

Certainly such was not the legislative contemplation.

The court erred in excluding testimony intended to show that appellee made excessive charges for turnkey fees and for expense of feeding prisoners. The former action of the Circuit Court in allowing these claims does not stand upon the footing of a conclusive judgment, but rather as the *prima facie* settlement of an auditing officer, which the auditor of public accounts might refuse to pay until so directed by the Legislature. Code 1871, sect. 143.

Reversed and remanded.