### HINES *et al.* v. WEAVER.

Where a testator died in 1850, leaving an estate to his wife for life with remainder to others, for one of whom the testator's executor was made guardian and trustee, and who died in 1862, and there was no administration upon his estate, and the life tenant died in 1863, and the estate then went into the hands of the executor, who sold it and received the proceeds in 1865, the heirs-at-law of the remainderman referred to stood, as to the time within which to bring suit against the executor for the remainderman's share, upon the same plane as would have stood his administrator had one been

appointed; and such suit, not having been brought until September, 1886, was barred. Section 2607 of the code did not apply to this remainderman's heirs; they were not heirs, distributees or legatees under the will, but of one of the legatees thereunder.
January 15, 1890.

Statute of limitations. Minors. Administrators and executors. Before Judge Harris. Campbell superior court. February term, 1889.

Reported in the decision.

T. W. Latham, for plaintiffs.

P. H. Brewster, for defendant.

Simmons, Justice.

Miss W. E. Hines, R. A. Sewell and his wife, S. M. Sewell, P. A. Cook and his wife, M. E. Cook, and D. W. Hines brought their petition to the February term, 1887, of Campbell superior court, in which they alleged that they were the heirs at law of Wm. A. Hines, who was the brother of Benjamin F. Hines. Said William A. and Benjamin F. Hines were the children of a daughter of Samuel Weaver. Samuel Weaver, who was their great grandfather, died in 1850. By his will he left the bulk of his estate to his wife for life, with remainder over to several remaindermen. Among the remaindermen were Benjamin F. and W. A. Hines, for whom the executor was made guardian and trustee. Benjamin F. Hines died in 1862, and W. A. Hines was his sole heir, there being no administration. W. A. Hines, who was the father of the complainants, died in July, 1862, after his brother and before the life tenant, who died in 1863. There was no administration upon the estate of Benjamin F. or W. A. Hines. The dates of the deaths of the above named persons do not appear in the record before us, but it was agreed by counsel in writing that these dates, set out in the case of Cook v. Weaver, 77 Ga. 10, were true and correct, and the same might be used in this opinion. When Samuel Weaver,

the great grandfather of complainants, died in 1850, the petition alleges he left an estate of realty and personalty amounting to $30,000. This estate went into the hands of Andrew B. Weaver, one of the executors named in the will, and under that will Benjamin F. and Wm. A. Hines were entitled to a child's part of the estate after deducting a certain amount for advances made to their mother. They did not receive anything of the estate during their lives, but petitioners inherited the same, and said sums are now in the hands of Andrew B. Weaver, one of the executors nominated in the will, who has all the while had the same and refuses to pay it to petitioners. Complainants having recently become of age, they are entitled to the estate which the said Andrew B. Weaver, as trustee and guardian of their father, has in his hands and refuses to pay on their arrival at majority. Said Andrew B. refuses to pay the legacy or any part thereof; and they pray that he may be compelled to pay them the money due them under the will and the law, and for general relief. They amended their bill and alleged that the said Benjamin and William Hines had no administrator or executor nor is their estate otherwise represented, that they owed no debts, and that petitioners are the sole heirs at law. They further alleged in the amendment that the defendant took charge of the estate soon after he was appointed administrator or executor, held it in his hands for some time, and finally sold it. Having sold the same, he had and held the proceeds of the sale in his possession since the———day of———, 1865. The defendant demurred to the bill on various grounds, and also moved to dismiss it on the ground that it appeared from the allegations in the bill that the cause of action was barred by the statute of limitations. The court held that the action was barred and dismissed the bill on that ground, and this ruling is the question here.

We agree with the trial judge that the action was barred. The facts show that the life tenant died in 1863, and that shortly thereafter (the petition alleges in 1865) the executor sold the property and took possession of the proceeds of the sale. If the estate of Benjamin and William Hines had been represented at that time, the administrator thereof could have brought an action against the executor as soon as he collected the proceeds of the sale of the property. As soon as he collected it, under the facts of this case, the statute commenced to run in his favor. The code, §2922, declares that "All actions against executors, administrators, guardians or trustees, except on their bonds, must be brought within ten years after the right of action accrues." The proceeds of the sale, according to the allegations in the bill, having gone into the hands of the executor in 1865, and this suit not having been commenced until September, 1886, more than ten years had elapsed since the cause of action accrued before the bringing of the suit. But it said that these complainants had recently become of age, and therefore they had five years after coming of age within which to bring the suit. We do not agree with counsel in this view of the law, under the facts of this case. These complainants were not heirs, distributees or legatees under the will of Samuel Weaver, as provided in §2607 of the code. If they are entitled at all, it would be because they were the heirs at law of the legatees under that will; and we do not think, therefore, that §2607 of the code applies to them. They stand, under the facts of this case, upon the same footing that the administrator of their father would have stood, had there been one appointed. If there had been an administrator of William Hines' estate, he certainly would have been barred from bringing this action after the lapse of ten years from the time the right of action accrued. If

such administrator would have been barred, these complainauts, standing upon the same plane on which he would have stood, would be barred also. We think, therefore, that the trial judge was right in holding that they were barred by the statute of limitations. *Morgan* v. *Woods, 69 Ga. 599.*                    *Judgment affirmed.*