## SUMMERLIN *et al. v.* FLOYD.

EVANS, J. 1. The construction to be placed upon the Civil Code, § 3511 (which declares that a discharge obtained by an administrator "by means of any fraud practiced on the heirs or the ordinary is void, and may be set aside on motion and proof of the fraud"), is that while the judgment of the court of ordinary discharging an administrator is open to attack on the ground that it was fraudulently procured, it is to be deemed "void" only when, in a proceeding to set it aside, the proof shows it was secured by practicing a fraud upon the heirs at law or upon the ordinary. Read in connection with the context, the term "void" is to be understood as the equivalent of "voidable." See 29 Am. & Eng. Enc. L. (2d ed.) 1068 and cit. The provisions of this section of the code do not alter the cardinal rule that a judgment rendered by a court of competent jurisdiction and regular upon its face is to be deemed conclusive until it is duly set aside, either on motion in the court in which it was rendered, or in an equitable proceeding instituted in the superior court. *Carter* v. *Anderson,* 4 *Ga.* 516; *Mobley* v. *Mobley,* 9 *Ga.* 249; *Jacobs* v. *Pou,* 18 *Ga.* 346; *Cook* v. *Weaver,* 77 *Ga.* 10; *Pollock* v. *Cox,* 108 *Ga.* 433-4.

2. "All proceedings of every kind in any court of this State, to set aside judgments or decrees of the courts, must be made within three years from the rendering of said judgments or decrees." Civil Code, § 3764. While the discharge of an administrator does not constitute a bar as to

heirs at law who were minors at the time it was procured (Civil Code, §3510; *Christian* v. *Westbrook*, 75 *Ga.* 852), yet the judgment discharging him can not be set aside at the instance of adult heirs, unless they attack it by a proceeding commenced within three years from the date of its rendition. *Pollock* v. *Cox*, supra.

3. It appearing, in the present case, that the plaintiffs, though of full age, waited for more than eleven years before seeking in the court of ordinary to have the discharge of the defendant, as administrator, set aside on the ground of fraud, their petition was not maintainable; and the judge of the superior court, who so held on appeal of the case to that court, did not err in dismissing the proceeding.

*Judgment affirmed. All the Justices concur.*

Submitted January 23,—Decided February 19, 1906.

Appeal. Before Judge Bartlett. Haralson superior court. January 25, 1905.

A petition to the court of ordinary, against W. A. Floyd, to set aside an order of that court discharging him as administrator of the estate of J. S. Floyd, was filed by Mrs. L. V. Summerlin and C. E. Chambers. The superior court, on appeal, sustained a motion to dismiss the case, on the grounds, that the petition did not set out a cause of action, and that "the action was barred." The plaintiffs excepted.

The petition was filed in 1903. It alleges that the order in question was passed in 1892. The order recites, that a citation for discharge has been duly issued and published, that it appears from an examination of the proceedings of the administration that the administrator has fully and faithfully administered the estate and is legally entitled to a discharge, and that no objection is offered to his discharge. The petition alleges, that the plaintiffs are heirs at law of J. S. Floyd; that the defendant was appointed administrator of his estate in 1888; that the estate was worth at least $3,000, and that the administrator has not properly administered it; that there were eleven heirs, and he paid only $42 to each, except plaintiff Chambers, who did not receive any amount; that Chambers at that time resided in the State of Alabama, and had no notice of the administration, "there never being, in . . . petitioner's opinion, any effort made by said administrator to locate" him; that the administrator assured plaintiff, Mrs. Summerlin, that if she would remain quiet and not say anything at all, there would be at least two or three hundred dollars to her share, and, he being her brother, she trusted to his honesty, and did as she was requested

by him to do, thinking that she would receive the amount that he said was due her; that she knew nothing about the estate "until a few weeks ago," when she had the matter investigated, and learned that the estate amounted to about three thousand dollars, and perhaps more, and that the defendant had failed to administer upon a piece of land worth at least a thousand dollars, and upon a stock of goods worth at least fifteen hundred dollars, which belonged to the estate; that the administrator and his brother, Frank Floyd, had possession of all the property, including the money, land deeds, and the stock of goods belonging to the estate, and that they studiously avoided letting the plaintiffs know anything about the actual status of the estate; that at the time the order discharging the administrator was passed, he represented that he had faithfully discharged his trust and fully administered the estate, but that this representation was fraudulent, and his conduct from the time said J. S. Floyd died until the present time has been misleading and fraudulent; that his failure to pay over to plaintiff Chambers his part of the estate is fraud; that in plaintiffs' opinion he has appropriated the estate to his own use; that on account of his fraudulent conduct his discharge as administrator was void; and that it was impossible for the plaintiffs to have learned of the exact condition of the estate without a thorough investigation, which they were not able to make; that they could not, by reasonable diligence, have discovered the fraud; that "said Chambers not being in the State and said Mrs. Summerlin being young at the time of her father's death and at the time of said administration and the discharge of said administrator, or pretended discharge, they did not know all the facts in regard to the land and said stock of goods, and they knew of no way to learn of the truth of the same, and Mrs. Summerlin fully believed all the property would be faithfully administered, as before set out, and said Chambers knew nothing of said administration or the discharge of said administrator."

Cited by counsel: Civil Code, §§ 3510-11, 3764; *Ga. R.* 60/449; 61/356; 64/497; 71/95; 74/179; 77/483; 87/268; 104/608. See 98/791.

*Griffith & Weatherly,* for plaintiffs.

*Price Edwards* and *W. R. Hutcheson,* for defendant.