### WICKER et al. v. HOWARD et al.

EVANS, J. The facts of this case bring it squarely within the ruling announced in *Summerlin* v. *Floyd*, 124 *Ga.* 980, wherein this court held that although an administrator who had misappropriated assets coming into his hands may have obtained his discharge by means of fraud practiced upon the ordinary and the heirs at law, "yet the judgment discharging him can not be set aside at the instance of adult heirs, unless they attack it by a proceeding commenced within three years from the date of its rendition." His discharge, until regularly set aside, will preclude the heirs from calling on him to account for profits. which he made by secretly becoming the purchaser, through an agent, of property sold by him as administrator at public outcry, and afterwards resold by him at private sale for his individual benefit and advantage. *Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Argued June 8,—Decided July 30, 1906.

Equitable petition. Before Judge Hammond. Richmond superior court. September 30, 1905.

The facts alleged in the petition (which was dismissed on demurrer) made the following case: Among the property of the estate of George J. Howard, deceased, were 280 shares of the capital stock of the Howard & Willet Drug Company, of the appraised value of $18,200, which were regularly offered at public sale by the administrator, Turner G. Howard, and were bid off by Charles, H. Howard as agent, for $7,000, who sold them, about forty days thereafter, to N. L. Willet for $17,500. · The actual value of ·the stock was substantially the same all the time. Charles Howard was acting for himself and for Turner Howard in the purchase and resale of the stock, and between them were divided the proceeds of the sale to Willet. About a year thereafter (on October 1, 1900) the administrator procured of the court of ordinary a judgment discharging him as such, upon representation that he had fully performed his duties. He concealed from the ordinary the facts as to the purchase and sale of the stock; and the return of the sale thereof, as

filed in said court, did not disclose the name of the purchaser. He has never accounted for the $10,500 difference in price for which the stock was resold, and no person interested in the estate, other than himself and Charles Howard, has ever received any part thereof. The plaintiffs, who are heirs of the estate, were ignorant of the unlawful conduct and dealings of the administrator. In February or March, 1903, they learned, for the first time, of certain facts that aroused their suspicions, and at once employed counsel to investigate the matter and protect their interests. The suit was brought on April 28, 1905. They are sisters of the defendants, Turner and Charles Howard. Turner Howard was always very uncommunicative about the estate in his hands, and grew angry whenever either of the plaintiffs sought information about it; which is one reason why they did not sooner discover the facts. They prayed, for setting aside the judgment discharging the administrator; for judgment on his bond; for judgment against him and Charles Turner each individually; and for general relief. The grounds of demurrer were: (1) No legal cause of action alleged. (2) Judgment of discharge can not be collaterally attacked in this proceeding. (3) The statute of limitations.

*E. B. Baxter* and *William H. Fleming,* for plaintiffs. Purchase by administrator at his own sale, voidable, etc.: *Ga. R.* 12/591; 30/780; 39/381, 672; 46/290, 361; 69/372, 385, 518, 605; 106/-813; 107/449, 780; 116/28; 22/637; 33/163; 78/181; 99/730; 99 Am. Dec. 464; 6 Am. St. R. 262; Schoul. Ex. §358; 11 Am. & Eng. Enc. L. 1150, 1153. Duty as to administrator's return: Civil Code, §3462. Effect of judgment of discharge, and collateral attack thereof; Civil Code, § 3510; *Ga. R.* 18/346; 98/791; 108/430. Lapse of time not counted until discovery of real facts of fraud: Civil Code, §§3785, 3772, 3510; *Ga. R.* 23/249; 59/338; 90/550; 94/490; 87/267; Schoul. Ex. §§ 358, 393; 19 Am. & Eng. Enc. L. 242; 130 U. S. 324; 21 Wall. 348.

*Henry C. Roney, C. Henry Cohen,* and *Rodney S. Cohen,* for defendants, cited Civil Code, §§ 3510, 3933, 3934, 3987, 5370; *Ga. R.* 56/101, 684; 101/594; 104/272; 18/346; 119/887; 121/547; 108-/439; 68/484; 12/68; 120/929; 117/471; 81/611; 98/487; 124/-980; 19 Am. & Eng. Enc. L. 242, 251; Bisp. Eq. (6th ed.) 383; 60 Miss. 839; 28 Fed. R. 280; 13 Ib. 152.