## THOMPSON *v.* CHAPEAU.

The will of George W. Thompson, of Chatham county, deceased, was probated in common form on March 6, 1906, Armand L. Chapeau qualifying as executor thereunder. The estate was administered by him as such executor; final return made; petition for discharge as executor filed, upon which citation was duly issued and published; final judg-

ment had thereon; and on April 1st, 1907, letters dismissory granted. On October 29, 1907, Clara Thompson (who appears to be the same person as Clara Bartow, named as a legatee in the will), filed a petition with the ordinary, praying that the said A. L. Chapeau, described as the executor of the will, be cited to appear and produce the said will and propound it for probate in solemn form. Citation issued on October 30, 1907; and on December 1, 1907, Chapeau appeared individually by his attorney at law, and among other things pleaded his discharge as executor and prayed the dismissal of the application. On December 10, 1907, the ordinary sustained the motion to dismiss, and, apparently on December 12, 1907, an appeal was taken. Upon motion the appeal was dismissed, and to this ruling the plaintiff excepted. *Held*, that the trial court did not err in granting the judgment dismissing the appeal.

*Argued January 15,—Decided June 28, 1909.*

Appeal. Before Judge Charlton. Chatham superior court. May 13, 1908.

*Oliver & Oliver,* for plaintiff. *Adams & Adams,* for defendant.

BECK, J. No further statement of the facts of the case than that which appears in the headnote is necessary to an understanding of the ruling made. We are of the opinion that the judgment of the court of ordinary granting letters dismissory to Chapeau as executor of the will of George W. Thompson, which the plaintiff in error was seeking to have propounded for probate in solemn form, is conclusive in his favor as against the applicant, so long as it remains of force and until set aside upon some legal and sufficient showing in proceedings instituted for that purpose in a court of competent jurisdiction. To hold otherwise would take the judgment granting letters dismissory to an executor, after citation duly published, without the operation of the principle that a judgment rendered by a court of competent jurisdiction and regular upon its face is to be deemed conclusive until it is duly set aside. While a motion to dismiss the case of the application would have been more appropriate than a motion to dismiss the appeal, the effect of a judgment dismissing the appeal is the same as if a judgment had been rendered dismissing the case or the application; and the right result having been reached, the judgment should not be disturbed.

*Judgment affirmed. All the Justices concur.*