### 7508. GATEWOOD *et al. v.* FURLOW, adm'r, *et al.*

Where an administrator of an estate deposits funds of the estate in a bank of good standing which subsequently fails, and the funds are thereby lost, he is prima facie liable for the same, unless the funds were deposited in the name of the administrator of the particular estate to which the funds belonged; as "John Jones, administrator on the estate of John Doe, deceased," or words of similar import. Where the fund is deposited in the name of "John Jones, administrator," the administrator is prima facie individually liable for the loss of the money; and a petition by the heirs at law of the estate, setting up such facts, where the administrator is sued for a recovery of the money lost, is not subject to general demurrer.
                    DECIDED DECEMBER 11, 1916.

Complaint; from city court of Americus—Judge Harper.    April 14, 1916.

*James A. & John A. Fort,* for plaintiffs.

*R. L. Maynard, E. A. Hawkins,* for defendants.

BROYLES, J.    E. D. Gatewood and others brought suit against T. M. Furlow as administrator on the estate of Mrs. Julia Gatewood, deceased, and the surety of his bond as such administrator, alleging that Furlow and the surety were liable to them, as heirs at law of Mrs. Julia Gatewood, in the sum of $1,400, by reason of the fact that Furlow, as such administrator, deposited the funds of the estate, which came into his hands, in the Americus National Bank; that subsequently the bank failed, and that at the time of the failure there was deposited in the bank $1,400 belonging to the estate, in the name of "T. M. Furlow, adm'r," without indicating that this fund belonged to the estate of Mrs. Julia Gatewood. The defendant demurred to the petition, upon the ground that it did not set forth a cause of action. The court sustained the demurrer, and the plaintiffs excepted. The plaintiff in error contends that the deposit of the funds of the estate in the bank in the name of "T. M. Furlow, adm'r," was in law nothing more than a deposit in the name of Furlow individually; that the letters "adm'r," added to the name of Furlow, were merely *descriptio personæ,* and did not indicate that the funds so deposited in the bank were the funds of the particular estate of Mrs. Gatewood, and that on account of such deposit and the loss of the same, occasioned by the failure of the bank, the administrator and the surety on his bond were liable to the heirs at law of Mrs. Gatewood for that amount.

Section 3570 of the Civil Code is as follows: "An instrument signed by one as agent, trustee, administrator, executor, or the like, without more, is the individual undertaking of the maker, such words being generally words of description." This section of the code, however, deals with the relation of principal and agent, and the liability of a person who executes an instrument and adds to his name the word "agent," "trustee," "administrator," etc. In our opinion this section of the code is not applicable to the question presented in the instant case; for here there was no instrument executed by Furlow. It is upon the theory of conversion that an administrator is held liable for depositing funds of the es-

tate in his individual name (Summers *v.* Reynolds, 95 N. C. 404);
and in *Munnerlyn* v. *Augusta Bank,* 88 *Ga.* 333 (14 S. E. 554, 30
Am. St. R. 159), it was held that a deposit in a bank by a trustee of
trust funds in his own name, as agent, was not a conversion. A
distinction should be drawn as to the rule where an instrument is
signed by one as "agent," "administrator," or the like, and where
the same words are used to indicate the nature of a bank deposit.
It is clear that under section 3570, supra, if Furlow had signed
an instrument as "T. M. Furlow, adm'r," it would have been his
individual undertaking. In *Dozier* v. *McWhorter,* 117 *Ga.* 786
(45 S. E. 61), it was held, that "Prima facie a judgment in favor
of E. J. D., executor of M. G., is his individual property, but this
presumption may be removed by slight evidence tending to show
that he holds the same in trust for the estate;" and "evidence that
the note on which the judgment issued was the property of the es-
tate shifts the burden; and unless the same is met by a counter-
showing, the jury may find that the beneficial ownership of the
fi. fa. issued on such judgment is in the estate." In the same case
Mr. Justice Lamar further said: "Where the maker of a note signs
his name 'executor,' 'administrator,' or 'trustee,' he can not relieve
himself of his individual liability and impose the debt on the estate.
The converse is only literally true, and the courts will readily lay
hold of any fact to show that a paper payable to 'A; executor, ad-
ministrator, or trustee,' is not his individual property. Prima
facie it is; but where third persons attempt to trace funds, or to
show that the holder of a paper thus payable had notice of its
trust character, these words, instead of being ignored and treated
as mere surplusage or descriptive merely of the person, are given
full force and effect as imparting notice. And so, too, when the
beneficiaries proceed against the payee so described, in an equita-
ble proceeding like this, where the proceeds as well as the fi. fa.
itself are involved (*Saffold* v. *Banks,* 69 *Ga.* 294; *Fla. C. R. Co.* v.
*Usina,* 111 *Ga.* 698, 699 [36 S. E. 928]), these words go far to es-
tablish the fact that the paper is held in his representative ca-
pacity." It is the duty of a trustee or administrator to deposit
money belonging to an estate in the name of that particular es-
tate, or by so distinguishing it on the books of the bank as to in-
dicate in some way that it is the money of that identical cestui que
trust or estate. Chancellor *v.* Chancellor, 177 Ala. 44 (58 So.

423); Williams *v.* Williams, 55 Wis. 300 (12 N. W. 465, 42 Am. Rep. 708). When the trustee or administrator fails to do this, the legal effect of such a deposit is to vest the title thereof in the bank and to establish the relationship of debtor and creditor between the bank and the administrator, prima facie, in his individual capacity. 2 Machie on Banks and Banking, 887, § 119 (2 b) et seq. As was said by Justice Cassoday of the Supreme Court of Wisconsin, in the much quoted case of Williams *v.* Williams, supra: "The test is not so much the keeping of a separate account at the bank as it is the parting with, and hence the losing of the identity of, the trust fund, and having in lieu thereof no obligation, contract, or account upon which is impressed the equitable ownership of the trust. Had this administrator retained these moneys in his own possession, and mingled them with his own funds so as to lose their identity, and the whole had been lost without his fault, yet we apprehend he would have been liable (Shoemaker *v.* Hinze, 53 Wis. 116 [10 N. W. 86]. . . To hold the administrator liable in this case is undoubtedly a great hardship; but to exonerate him from liability is to encourage the mismanagement of trust funds and to open the door to frauds innumerable against those whose age and weakness entitle them to the most rigid protection of the law." From what has been said it follows that the court erred in sustaining the general demurrer to the petition and in dismissing the petition. The question as to whether the administrator would have a good defense to this suit if he could show upon the trial of the case that at the time he deposited the estate's fund in the bank, and up to the date of the bank's failure, he had no other deposit in that bank, or if he could otherwise clearly establish that the funds therein deposited were in fact and in truth the funds of the particular estate in question, is not in this case, and therefore is not passed upon.          *Judgment reversed. Hodges, J., absent.*