.. 
380

*J. C. Pratt,* for plaintiff in error. *O. J. Tolnas,* contra.

19426. STEED administratrix, *v.* STEED.

DECIDED SEPTEMBER 19, 1929. REHEARING DENIED OCTOBER 1, 1929.

*Lawrence S. Camp,* for plaintiff in error.

*J. Wilson Parker,* contra.

STEPHENS, J. This is a suit by Miss Florence Inez Steed against Mrs. Hattie Steed, as the administratrix of the estate of Owen Steed, to recover $383.33, an alleged balance due of a legacy of $500 which, it is alleged, was devised to the plaintiff by the will of Mrs. Susan Frances Jackson, and which the defendant's intestate had, as executor, held for the plaintiff. The defendant admitted these allegations, but sought to absolve the estate of Owen Steed from liability to the plaintiff, upon the ground that the intestate deposited $500, representing the legacy, in a solvent bank, viz. the Bank of Palmetto, where it continued to lie on deposit until the failure of the bank after the intestate's death and after the defendant had qualified as administratrix; that the money on deposit in the bank was the property of the plaintiff, and that any loss affecting this deposit, occasioned by the failure of the bank, was not due to fault of the defendant or her intestate. It appears, from the agreed statement of facts, that Mrs. Susan Frances Jackson died February 24, 1921, and in her will devised to the plaintiff, Miss Florence Inez Steed, a minor, a legacy of $500, to be paid to the plaintiff upon her arrival at the age of twenty-one years; that

Owen Steed, the executor of the will of Mrs. Susan Frances Jackson, deposited in the Bank of Palmetto, as guardian for the plaintiff, $500 in cash, representing the amount of the legacy; that afterwards, on February 27, 1925, while the money was on deposit in the Bank of Palmetto, Owen Steed died, and Mrs. Hattie Steed, the defendant, was appointed administratrix of his estate; that afterwards the defendant, while administratrix of the estate of Owen Steed, collected from the Bank of Palmetto the $500 which Owen Steed had deposited in the bank as guardian for the plaintiff, and deposited in this bank $1669.60 in the name of "Mrs. Hattie Steed, executrix," taking as evidence of this deposit two certificates, one for $617.20 and the other for $1052.40; that at the time this deposit was made the defendant said to the cashier of the bank: "Inez's money is included in this deposit;" that at the time the deposit was made the bank was considered a "sound institution"; that afterwards, on July 12, 1926, the bank failed and was placed in the hands of the superintendent of banks for liquidation; that after the failure of the bank the defendant paid to the plaintiff, upon the legacy, $116.67, which was a dividend paid by the State banking department upon the liability of the Bank of Palmetto; that the defendant, as administratrix of the estate of Owen Steed, has come into other property and is in possession of other property belonging to the estate of Owen Steed, and the estate of Owen Steed is solvent.

Upon a consideration of the agreed statement of facts the trial judge, acting by agreement without a jury, rendered judgment for the plaintiff in the amount sued for. The defendant, by direct bill of exceptions, excepts to this judgment as contrary to law.

The deposit of this fund by Owen Steed in the Bank of Palmetto in his name as guardian for the plaintiff, Miss Florence Inez Steed, did not amount to a discharge of his trust and a surrender of the fund to her. Had it done so, he would have been relieved of his obligation as trustee, and, after his death, she would have had no claim against his estate. Therefore, the loss of the fund by the failure of the bank afterwards would have been the loss of Miss Florence Inez Steed. The estate of Owen Steed clearly would not have been liable to her for this fund.

Up to the time of the death of Owen Steed he had control over the fund, although it may have been deposited in the bank in his name as guardian for the designated beneficiary, Miss Florence

Inez Steed. In the absence of any asserted claim in the fund by Miss Florence Inez Steed, he could at any time, as guardian or trustee, have withdrawn it from the bank. *Munnerlyn* v. *Augusta Savings Bank,* 88 *Ga.* 333 (14 S. E. 554, 30 Am. St. R. 159). Although Owen Steed had not lost or dissipated by mismanagement this fund which he held in a fiduciary capacity as guardian, and although, in allowing this fund to remain on deposit until his death in the Bank of Palmetto and while it was a solvent institution, he may have exercised the care required of him as fiduciary, his estate after his death, nevertheless, became liable to the owner or beneficiary of the fund in accordance with the priorities established by law for the payment of the debts of a decedent. See sections 3332, 3773, and 4000 (5) of the Civil Code of 1910. Since, as provided in section 4001 of the Civil Code, "all the estate, real and personal, unless otherwise provided by this code, is liable for the payment of debts," this liability attached not alone to the fund on deposit in the bank, but to the other assets of the estate. Whether Mrs. Hattie Steed, the defendant, who, after the death of Owen Steed, has assumed actual control over the fund by withdrawing it from the bank and redepositing it, together with other funds belonging to Owen Steed's estate in the bank to her credit, describing herself as "executrix," would by virtue of the failure of the bank, have been absolved from liability as the administratrix for the loss of a fund belonging to the estate of her intestate which she had, in the exercise of due care, placed in the bank while it was solvent, it is nevertheless true that, since the estate was, at the time of the death of Owen Steed, liable to the owner for the fund, and there are, after the loss of the fund by the failure of the bank after the death of the testator, other assets of the estate after paying prior claims, the remaining assets are liable for this debt.

The decisions, including *Gatewood* v. *Furlow,* 19 *Ga. App.* 74 (90 S. E. 973), which hold that, where an administrator, or any person who holds funds of another in a fiduciary capacity, deposits the funds in his name as fiduciary and for the benefit of the beneficiary in a solvent bank, and the funds are thereafter lost by the failure of the bank and through no fault of the administrator or fiduciary, the latter is not responsible to the beneficiary for the loss, have reference only to the personal liability of administrators or fiduciaries of funds, and have no reference to the liability of an administrator as

such for the payment, out of the remaining assets of the estate, of the debts due by the intestate. If the decision in *Gatewood* v. *Furlow,* supra, and other decisions to the same effect, are applicable to the facts of this case, Mrs. Hattie Steed, the administratrix of the estate of Owen Steed might, if she had exercised due care in making the deposit, be exonerated from any personal liability to the heirs and creditors of Owen Steed deceased, for the loss of the fund occasioned by the failure of the Bank of Palmetto. The loss would then be on the estate of Owen Steed, deceased. While the fund deposited in the bank may, upon the failure of the bank, have been lost to the estate of Owen Steed, deceased, it does not follow that the beneficiary or owner of the fund, Miss Florence Inez Steed, lost her status as a beneficiary of the fund, and therefore as a creditor of the estate, to hold the estate liable for the payment to her of Owen Steed's indebtedness as guardian out of the assets of his estate remaining over and above the loss to the estate occasioned by the failure of the bank.

Since it appears, from the evidence, that the estate of Owen Steed possessed property other than this fiduciary fund which had been lost by the failure of the bank, and was solvent, it must be inferred, in the absence of evidence to the contrary, that the estate possessed sufficient funds to discharge this fiduciary debt of Owen Steed as executor of the will of Mrs. Susan Frances Jackson to the plaintiff, Miss Florence Inez Steed, in accordance with the priorities fixed by law for the payment of the debts of the estate of Owen Steed.

The judgment found for the plaintiff in the amount sued for was authorized, under the law and the evidence.

*Judgment affirmed. Bell, J., concurs. Jenkins, P. J., dissents.*