## 28173.   CLAIR *v.* BURKE.

DECIDED MAY 20, 1940.

*George M. Hill Jr., Herman Talmadge, Fraser, Irwin & Latimer,* for plaintiff.

*J. Henry Howard, W. Colbert Hawkins, John C. Hollingsworth,* for defendants.

FELTON, J.   Mrs. Elma Parker Clair filed her petition against J. T. Burke, the allegations of which are in substance that C. M. Burke died intestate in 1924, and left an estate valued at $10,000; that J. T. Burke was appointed administrator of said estate; that petitioner was entitled to share in the estate of C. M. Burke; that she was born on July 25, 1910, and was a minor at the time of the death of C. M. Burke, and her father was appointed her guardian to receive her share of the estate; that J. T. Burke deposited to his credit individually in the Bank of Rocky Ford $1472.68 belonging to the estate; that the bank closed its doors on July 30, 1926, and ceased business; that it has paid to its depositors only 32 per cent. of their deposits; that under the law of Georgia J. T. Burke is personally responsible to the estate for the loss of this money; that defendant made his final return to the ordinary of

Screven County on September 6, 1926, in which return he listed the balance due the heirs of the estate; that in this listing was $610.05 which was shown as due to petitioner's guardian for her; that since said return petitioner has received only $10 on May 14, 1931; that defendant was discharged as administrator of the estate on July 6, 1936, and petitioner has not yet received her share of the estate; and that she became of age on July 25, 1931. She prayed for judgment in the principal with interest from July 30, 1926. The defendant filed a general demurrer to the petition. To an order sustaining this demurrer exceptions were taken.

The court did not err in sustaining the general demurrer and in dismissing the action. The defendant contended that the demurrer was good, for the reasons that the petition showed on its face that the action was barred by the statute of limitations, and that the defendant was protected by virtue of the order of the court of ordinary dismissing him as administrator. For the purposes of this decision it is not necessary to pass on the question as to whether the statute would bar the action, since in our view the order dismissing the defendant as administrator is a bar to the action. It is too well settled to require elaboration that a judgment of a court of ordinary discharging an administrator will relieve him from all liability on account of his administration, unless it be impeached or set aside in some appropriate manner. *Jacobs* v. *Pou,* 18 *Ga.* 346; *Thompson* v. *Chapeau,* 132 *Ga.* 847 (65 S. E. 127); *Wicker* v. *Howard,* 126 *Ga.* 119 (54 S. E. 821), and cit.; *Summerlin* v. *Floyd,* 124 *Ga.* 980 (53 S. E. 452). In the *Floyd* case it was held that even though the judgment of the court of ordinary was obtained by fraud, it could not be set aside by adult heirs, except by a proceeding to set it aside in a court of competent jurisdiction. The cases relied on by the plaintiff in error are not in point, and have no application to the case at bar. The decision in *Gatewood* v. *Furlow,* 19 *Ga. App.* 74 (90 S. E. 973) simply holds that where money is deposited in the bank, as in the instant case, the administrator is personally liable. It nowhere appears in that case that there had been a discharge of the administrator. *Steed* v. *Steed,* 40 *Ga. App.* 380 (149 S. E. 918) followed the *Furlow* case. This court said that the estate of the deceased administrator would be liable for the money so deposited. This decision does not change the rule enunciated, because the adminis-

trator died while the funds were on deposit, and no discharge of the administrator was shown to have been granted by the ordinary. There being no attack on the judgment of the court of ordinary, the court did not err in sustaining the general demurrer and dismissing the action.    *Judgment affirmed.    Sutton, J., concurs.*

STEPHENS, P. J., concurs in the judgment.