BOYNTON <i>et al. v.</i> BOYNTON.

DUCKWORTH, Presiding Justice. The petition as amended, filed in 1946 in the Superior Court of Fulton County, Georgia, by Hal B. Boynton and Arthur B. Boynton against Mrs. Alice B. Boynton, their mother, and Hirsch Bros. Incorporated, sought to set aside judgments of the Court of Ordinary of that county awarding successive year's support in 1914, 1915, and 1916 upon application of the defendant mother on behalf of herself and her minor children, the petitioners, each being under four years of age in 1914. The petition asserts that each application alleged that she was the administratrix of the estate of the deceased husband and father, and that such allegation was false and fraudulent because, though appointed administratrix, she had not qualified by giving the required bond. The petition also alleges that the judgments were fraudulently procured, in that the mother, in order to keep the estate open longer than one year for the purpose of obtaining more than one year's support, and to absorb for herself the entire estate and defeat the rights of the petitioners as heirs, failed to qualify as administratrix; that the petitioners did not know of the alleged fraud until a short time before the filing of the petition, and that the only service of the applications for year's support was an acknowledgment of service by the mother through named attorneys. Certain other relief was sought against the mother and also against the other defendant, but the controversy, as stated in the brief of counsel for the plaintiffs in error, is confined to the attack on the judgments in question. Mrs. Boynton demurred generally to the petition as amended on the ground, among others, that the action against her was barred by the statute of limitations. The exception here is to the judgment of the court sustaining the general demurrer and dismissing the action as to Mrs. Boynton. *Held:*

While the statute, Code, § 3-702, requiring that a proceeding to set aside a judgment be brought within three years from its rendition, would not run against minors, the petition as amended shows that after becoming of age the petitioners waited nine years or more to institute the present action, though it does not appear that they could not by proper diligence have ascertained the fraud alleged to have been perpetrated and have brought the suit promptly after attaining their majority. Accordingly, the petition as amended was subject to the ground of demurrer that the action was barred by the statute of limitations, and the court did not err in sustaining the demurrer and in dismissing the action as against Mrs. Boynton. *Summerlin* v. *Floyd*, 124

*Ga.* 980 (53 S. E. 452) ; *Crawford* v. *Crawford,* 134 *Ga.* 114 (3) (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932) ; *Spence* v. *Queen,* 139 *Ga.* 587 (77 S. E. 820) ; *Brinsfield* v. *Robbins,* 183 *Ga.* 258 (188 S. E. 7).     *Judgment affirmed. All the Justices concur.*

No. 15733. APRIL 15, 1947. REHEARING DENIED MAY 16, 1947.

*Carl F. Hutcheson* and *Robert B. Blackburn,* for plaintiffs.

*James A. Branch, Thomas B. Branch Jr.,* and *Haas, Lyons & Hurt,* for defendants.