WARNOCK *et al.* *v.* WARNOCK *et al.*

No. 16921. February 16, 1950.

*Marvin O'Neal Jr.*, and *Paul G. Cutright*, for plaintiffs.

*L. C. Underwood, J. Carlton Warnock*, and *W. S. Mann*, for defendants.

Almand, Justice. The exception here is to an order dismissing on general demurrer the petition, which made the following case: The plaintiffs, as legatees under the will of D. F. Warnock Sr., deceased, filed their petition in equity against J. T. Warnock, individually and as an executor of the will of said D. F. Warnock Sr., praying: (a) that the judgment of the court of ordinary of August 3, 1936, discharging the defendant as executor be set aside and canceled; (b) that a certain release executed by the plaintiffs to the executor be set aside and canceled; (c) that the executor render an account and settlement to the plaintiff; and (d) for a recovery of all sums and property due by the defendant.

It was alleged: that the will of D. F. Warnock Sr., was probated in solemn form and letters testamentary were issued to the defendant in October, 1923; that the defendant as executor received large sums of money and other property belonging to the estate, and appropriated the same to his own use, and has failed to file any return or account to the ordinary or to the plaintiffs; that through fraud the defendant has obtained title to notes, deeds, and other evidences of debt belonging to said estate; that the defendant obtained written releases from the plaintiffs by representing that the cost of filing final returns and an accounting to the court would necessitate selling their land in order to defray the expenses; that the defendant stated that the estate was insolvent, and wilfully and fraudulently concealed the fact that the estate was solvent, and the defendant had large sums of money which should be paid over; that the defendant being a blood uncle of plaintiffs, a confidential relation existed between the plaintiffs and the defendant, and having confidence and trust in him, they relied on his representa-

tions and executed said release. Paragraph 11 of the petition alleged: "That your petitioners had the utmost confidence and faith in the defendant as an administrator and trustee and could not have, by ordinary diligence, discovered the perpetration of his fraudulent acts, and only recently was it revealed to them that they had been the victims of the confidence bestowed in the defendant." It was alleged that the defendant was granted letters of dismission by the ordinary in August, 1936.

Among other grounds of general demurrer, the defendant asserted that this suit having been instituted thirteen years after the defendant had been discharged as executor, the same was barred by the statute of limitations; that the allegations of the petition were insufficient to show fraud on the part of the defendant debarring or deterring the plaintiffs from bringing this action so as to toll the statute of limitations.

A judgment discharging an executor relieves him from liability and from accounting to the beneficiaries under the will, until such judgment is set aside. *First National Bank & Trust Co.* v. *Hirschfield,* 178 *Ga.* 581 (1) (**173 S. E.** 663); *Clair* v. *Burke,* 62 *Ga. App.* 607 (9 S. E. 2d, 119). Though the discharge of an executor obtained by actual fraud practiced on the heirs or the ordinary may be set aside on motion and proof of the fraud (Code, § 113-2303), the beneficiaries sui juris under the will must institute their action to set aside the discharge within three years from the date of the order discharging the executor. Code, § 3-807; *Morris* v. *Johnstone,* 172 *Ga.* 598 (4) (158 S. E. 308). Though the statute of limitations be tolled by actual fraud, the complaining party must use reasonable diligence to discover such fraud, and the statute will be tolled only where such diligence is used. *Frost* v. *Arnaud,* 144 *Ga.* 26 (2) (85 S. E. 1028). The statute will not be tolled where no facts are alleged to show fraud on the part of the defendant preventing discovery by the plaintiffs within the statutory period (*Bailey* v. *Freeman,* 140 *Ga.* 71, 78 S. E. 423), or that the plaintiffs were ignorant of such fraud, which the use of ordinary diligence would have discovered in due time. *Morris* v. *Johnstone,* 172 *Ga.* 598 (5) (supra).

It is unnecessary for us to decide whether the petition was

sufficient to charge that the defendant executor obtained his discharge through fraud, because the facts alleged show that this suit was instituted thirteen years after such discharge, and the allegations were insufficient to show that they were barred or deterred by actual fraud of the defendant from instituting this action within the statutory period. There is no specific allegation in the petition as amended that the defendant had done anything to prevent the plaintiffs from instituting the action within the time provided by law, or to prevent them from discovering, by exercise of the slightest diligence, his alleged fraudulent conduct. The nearest approach to any such allegation is found in paragraph 11 of the petition, which we have set out above, but these allegations are too general and indefinite to charge the defendant with actual fraud involving moral turpitude that would excuse their unreasonable delay in bringing the suit. *Kirkley* v. *Sharp*, 98 *Ga.* 484 (1) (25 S. E. 562); *Anderson* v. *Foster* 112 *Ga.* 270 (1) (37 S. E. 426); *Coleman* v. *Coleman*, 113 *Ga.* 149 (1) (38 S. E. 400); *Wessel-Duval Co.* v. *Ramsey*, 170 *Ga.* 675 (4) (153 S. E. 744).

It appears from the amended petition that two of the plaintiffs are named as legatees under the will. The petition being silent as to their age at the time of the executor's discharge, we assume they were of age at that time. The third plaintiff, Herman Warnock Jr., sues through his natural guardian. It does not appear that he was a minor or an incompetent at the time of the discharge of the executor, nor does it appear from the facts alleged that he was a legatee under the will. No facts are alleged which show any right of action in him, even if the statute of limitations had been tolled as to him. Even if it be assumed that he is a son of Herman Warnock, who was a legatee under the will, and that such legatee is dead, and that Herman Warnock Jr. is his heir at law, and is now a minor, such would not have tolled the running of the statute of limitations, because the suspension of the statute of limitations does not apply to an heir of a legatee. *Hines* v. *Weaver*, 84 *Ga.* 265 (10 S. E. 741).

We therefore hold that the petition was subject to the demurrer that the cause of action was barred by the statute of limitations as to all the plaintiffs; and that the court did not

err in sustaining the demurrer and dismissing the action. See *Boynton* v. *Boynton*, 202 *Ga.* 238 (42 S. E. 2d, 635), and cases there cited.    *Judgment affirmed. All the Justices concur.*