Bryce *vs*. Wynn.

---

SUSAN A. BRYCE, by her next friend, plaintiff in error, *vs*. SLOMAN WYNN, guardian, defendant in error.

1. A ward, after he has attained the age of fourteen years, has the right to choose his guardian, and for that purpose to have the letters of guardianship issued under the appointment of the Ordinary to a former guardian, revoked.

2. Before such order of revocation is granted, a selection of the successor in the guardianship should be made, which selection must be judicious in the judgment of the Ordinary, and the person chosen should give his consent to his appointment.

3. An application was made by a ward over fourteen years of age, for the revocation of the letters of her guardian, and to be allowed to select a guardian subject to the approval of the Ordinary. On the hearing, the Ordinary discharged the rule against the guardian to show cause, etc., on the ground that there was "no sufficient cause shown, for the removal of the defendant." On a second application by the ward for the same purpose, which was carried by consent appeal to the Superior Court, the judgment of the Ordinary was pleaded as former recovery in bar, and it was so adjudged by the Court:

*Held*, That the decision of the Ordinary will not be construed as an adjudication of the right of the minor to have the letters of guardianship revoked, and to select her guardian, but rather that the refusal of the Ordinary to grant the revocation was because there had been, in his judgment, no "judicious selection" of a successor who would consent to act. If, on the second trial, such "judicious selection" be shown

to the satisfaction of the jury, and the person chosen consents to accept, the application should be allowed.

Guardian and ward. Appointment. Judgment. Before Judge BUCHANAN. Carroll Superior Court. April Term, 1873.

Susan A. Bryce, by her next friend, petitioned the Ordinary of Carroll county for the removal of Sloman Wynn, her present guardian, and for the appointment of some other suitable person selected by her, subject to the approval of said Ordinary. She showed that said Wynn had been appointed at the June term, 1861, of the Court of Ordinary of said county, when petitioner was but five years of age; that she had then arrived at the age of sixteen years, and desired to exercise her right of selecting her own guardian, she having never exercised that right since she arrived at the age of fourteen.

A rule *nisi* issued in accordance with the prayer of said petition, in response to which said guardian set up that he had been called upon by petitioner, in a similar proceeding, returnable to the December term of the Court, 1871, to show cause why he should not be removed and some other person, selected by petitioner, appointed; that upon cause shown, to the effect that said petitioner could not select another guardian, respondent occupying that position at the time of her arrival at the age of fourteen, and still being such guardian, and not in default in any particular, the Court discharged the rule, and gave judgment against said petitioner, in favor of respondent, from which there was no appeal; that respondent pleads said judgment in bar of this proceeding.

The issue thus formed was carried to the Superior Court by appeal. There it was submitted to the decision of the Court, without the intervention of a jury.

The respondent introduced the judgment pleaded in bar, as follows:

"SUSAN A. BRYCE, by her next friend, *vs.* SLOMAN WYNN, guardian.

*" Rule nisi to remove guardian."*

" Upon hearing the evidence submitted and the argument of counsel, it is ordered by the Court that the rule be discharged, there being, in the opinion of the Court, no sufficient cause shown for the removal of defendant. It is therefore ordered that the movant pay all the cost that has accrued in the case."

The facts, as set forth in the petition and answer, were admitted to be true. The Court, on motion, dismissed the case, and petitioner excepted.

MABRY, TOOLE & SON, for plaintiff in error.

AUSTIN & HARRIS, by brief, for defendant.

TRIPPE, Judge.

1. It was held in the case of *Pitts vs. Cherry,* 14 *Georgia Reports,* 594, that a ward in Georgia, on arriving at the age of fourteen, has the right to choose his guardian, subject to the approval of the Ordinary. We do not think the right is taken away by the Code. Section 1806, new Code, in giving the privilege to a minor over fourteen years of age, who has no guardian, of selecting a guardian, was not intended to change the law in this respect. The Act of 1850, Cobb's Digest, 338, implies what is specially provided in the section of the Code referred to.

2. Before the new appointment is made the letters of the former guardian should be revoked, and there should be a selection of a successor in the guardianship, who is willing to accept, and whose appointment would be judicious in the judgment of the Ordinary. The provisions in the Code, as to the resignation of guardians and administrators, show the care that is taken to prevent a vacancy in these trusts. In each case, before a guardian or administrator is permitted to resign he must present a fit and suitable person to the Ordinary as

his successor, who is willing to accept.   We think it a proper rule to be followed in the case of a ward selecting a new guardian before there should be a revocation of the letters of the former guardian: See 6 *Georgia*, 432.

3. In the first application made in this case, the Ordinary adjudged that no good reason had been shown to remove the guardian, and discharged the rule which had been issued. We do not think that this was a judgment against the right of the applicant to select a guardian, and to ask for the revocation of the letters of her present guardian.   It does not so appear on the face of the judgment, or in the record.   But we rather take it, that a good reason did not exist, from the fact of there having been no judicious selection of a new guardian who was willing to accept.   Otherwise, we would have to presume that the Ordinary committed an error, and denied a legal right to the applicant.   If, on a new hearing of this case, which we direct, it should appear to the satisfaction of the jury that the applicant has chosen a person whose selection, in the language of the Code, is "judicious," to be appointed as guardian, and that such person is willing to accept, the application should be granted.

In this case, as well as in the case of *Pitts vs. Cherry, supra,* the first guardian was appointed by the Ordinary.   We confine this decision as to the right of a ward to ask for the revocation and new appointment, to the cases of guardians thus appointed.

Judgment reversed.