## GILBERT *v.* STEPHENS.

A new guardian can not be lawfully appointed as the successor of a guardian
in office until after a revocation of the latter's letters.   An alleged ap-
pointment of a new guardian purporting to have been made without such
revocation does not confer upon the appointee the right to cite the old
guardian to a settlement of his accounts.

Argued January 31, — Decided March 15, 1899.

Citation for settlement.   Before Judge Candler.   Clayton
superior court.   March term, 1898.

*J. B. Hutcheson* and *J. L. Doyal*, for plaintiff in error.
*W. M. Wright* and *C. T. Roan*, contra.

LUMPKIN, P. J.   A citation issued by the ordinary of Clay-
ton county at the instance of F. O. Stephens, reciting that he
was the guardian of his wife, and calling upon R. M. Gilbert,

as her former guardian, to appear and submit to a settlement of his accounts, was duly served upon the latter. In the court of ordinary the plaintiff obtained a judgment, and Gilbert entered an appeal to the superior court. On the trial there, Stephens introduced a transcript from the records of the court of ordinary, purporting to show his appointment as the guardian of his wife. It affirmatively appears from an examination of this transcript, however, that at the time of the granting of the order appointing Stephens as such guardian, Gilbert was still the lawful guardian of Mrs. Stephens, his letters of guardianship never having been revoked. During the progress of the trial additional evidence to the same effect was introduced. When the plaintiff closed his case, the defendant moved to dismiss the proceeding, upon the ground, among others, that Stephens had no right to maintain his action, he not being the lawful guardian of Mrs. Stephens, for the reason that letters of guardianship could not lawfully be issued to him without a revocation of the defendant's letters of guardianship. This motion was overruled, and the court thereupon directed a verdict in favor of the plaintiff for a specified amount. Gilbert filed a bill of exceptions, complaining that the court erred in overruling his motion to dismiss, and also in directing the verdict. Without dealing with the motion to dismiss, we are clear that the court erred in directing the jury to return a verdict in favor of the plaintiff. It is plain that he had no right to recover without showing that he was the duly and lawfully appointed guardian of his wife. The proceeding was instituted in his name as guardian, and could not be maintained by him in any other capacity. The proof showed he was not in fact her guardian, for it distinctly appeared that his letters were granted before those of Gilbert had been revoked. In the case of *Justices* v. *Selman,* 6 *Ga.* 432, this court decided that when the court of ordinary had formally granted letters of guardianship to a person capable of discharging the duties of the trust, no new appointment could be lawfully made until the former authority was vacated by death, removal, or in some other way; and that a new appointment made while the guardian originally appointed still remained in office was totally void. This de-

cision rests upon sound principle, and has not, so far as we have been able to ascertain, ever been in any manner departed from or modified by this court. The conclusion we have reached in the case now before us therefore is, that Stephens was not entitled to a verdict in any amount, and that the court erred in directing a finding in his favor.

*Judgment reversed. All the Justices concurring.*