### Dame et al. v. McGowen et al.

Hill, J. 1. "When the court of ordinary has granted letters testamentary, administration or guardianship, to a person entitled and capable of discharging the duties of the trust, no new appointment can be made until the former appointment is vacated by death, removal, or in some other way." *Justices* v. *Selman,* 6 *Ga.* 432 (4); *Gilbert* v. *Stephens,* 106 *Ga.* 753 (32 S. E. 849); *Dickerson* v. *Bowen,* 128 *Ga.* 122 (3) (57 S. E. 326); *Knowles* v. *Knowles,* 132 *Ga.* 806 (2) (65 S. E. 128).

2. Accordingly, where the court of ordinary has appointed one as adminis-

trator upon an estate, and such administrator has neither died nor been removed from such trust in any way; and where application is made to the ordinary of the same county, by one claiming to be next of kin to the same decedent, to be appointed administrator, and notice is published of such application, and on the date of the hearing of the application a caveat is filed to such appointment by one claiming also to be next of kin, and the ordinary appoints the applicant on condition of his giving bond in a certain amount, and provides that on failure to give bond the caveator will be appointed upon his giving the bond required; and where in pursuance of such order neither the applicant nor the caveator gives the bond required and does not qualify as such administrator, and the ordinary without further notice appoints the clerk of the superior court as administrator upon the estate of the decedent, such appointment is void, in the absence of the death, discharge, or removal for any cause of the administrator originally appointed.

3. Where in the circumstances just stated such newly appointed administrator applies in due form for an order to sell certain real estate of the decedent for the purpose of paying the debts and for distribution among the heirs, and the order is granted and the land is duly advertised and sold, the purchaser at such sale acquires no title to such land.

4. Where in these circumstances the widow and minor children of the decedent, as his heirs at law, file an equitable petition against the purchaser at such sale, to cancel the deed, alleging that there were no debts owing by the decedent at the time of his death, and that they had permission of the administrator, who had never been discharged or removed, to bring the suit, and praying that the possession of the property conveyed by such deed be decreed to be in and delivered to the plaintiffs, such petition alleged a cause of action; and the evidence in support thereof being substantially in accord with the allegations of the petition, a verdict finding for the plaintiffs was authorized.

5. Assignments of error on the admission of certain evidence consisting of certain copies from the records of the court of ordinary, and the testimony of the clerk of the court of ordinary to the effect that the records of that court did not show or contain anything relative to the removal or discharge of the administrator originally appointed, are without merit.

6. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 5641. JUNE 20, 1927.

Equitable petition. Before Judge Knight. Clinch superior court. June 18, 1926.

Mattie Belle McGowen and others brought an equitable petition against T. R. O'Steen and Mrs. Nannie H. Dame, and alleged in substance the following: William Walker died intestate in January, 1914, leaving as his sole heirs at law the named petitioners. At the time of his death William Walker was possessed of an estate the entire value of which did not exceed $500, a part

of which was real estate. He left no debts which constituted any legal claim against his estate, and it was entirely unnecessary that letters of administration should issue on said estate. At the April term, 1919, of the court of ordinary, George McGowen was appointed as permanent administrator of said estate, and thereafter qualified as such by giving the bond required and taking the usual oath; and said administrator consents to the bringing of this suit. At the February term, 1921, of the court of ordinary, Sam Hannah, representing himself to be the next of kin to William Walker, deceased, applied to said court for letters of administration on said estate, to which application a caveat was filed by Henry Walker as next friend of the minor children above named, praying that letters of administration be granted to him rather than to Sam Hannah. At the May term, 1921, the court of ordinary passed the following order: "It is ordered that the caveat be and the same is sustained, and that the caveator, Henry Walker, having been selected by a majority of the next of kin, be and he is hereby appointed permanent administrator of the estate of W. M. Walker, late of said county, deceased, and that he give bond in the sum of $1000; . . it is further ordered that in the event that caveator, Henry Walker, fails to give said bond by Thursday noon of May 5, 1921, then and in that event J. Sam Hannah is to be appointed as said administrator upon giving the same amount of bond and further complying with the law made and provided in such cases." Neither Henry Walker nor Sam Hannah complied with the order set out above by giving the bond required; and thereafter, at the June term, 1921, without any citation or publication whatever, the court of ordinary passed the following order: "It being shown to the court that the petitioner, Sam Hannah, and the caveator, Henry Walker, have failed to comply with the order of the court, and respond in the bonds necessary in said case, and the creditors in said estate demanding payment of certain unpaid bills, it is therefore ordered, considered, and adjudged by this court that T. R. O'Steen, clerk of the superior court of Clinch County, be and he is hereby appointed the administrator upon said estate, by giving the usual oath and bond as required by law and in terms of the law." This last order was passed by the court without any application by T. R. O'Steen, as well as without an application by any alleged creditors of William Walker,

deceased, and without any publication or notice whatever requiring the petitioners, or any others who might be interested in said estate, to show cause why T. R. O'Steen should not be appointed as such administrator; and his appointment is therefore illegal and void, and his acts and deeds under such appointment are illegal and of no effect. The appointment of O'Steen as administrator was illegal and void for the further reason that the estate of William Walker, deceased, was not unrepresented at the time of his pretended appointment, the said McGowen being at that time the duly appointed and qualified administrator of said estate, letters of dismission never having been issued, and he never having been discharged as such administrator. At the August term, 1921, of the court of ordinary an order was granted authorizing T. R. O'Steen as administrator of the estate of William Walker, deceased, to sell, for the alleged purpose of paying debts of the estate and for division among the heirs, ten acres of the land of the estate. He did sell said land, and made a deed thereto to Mrs. Nannie H. Dame. Said deed and sale are illegal and void, for the reasons above alleged. After the illegal appointment of T. R. O'Steen, and before the attempted sale of the property, on March 30, 1922, Henry Walker on behalf of the minor children named in the petition, applied to the court of ordinary for the appointment of appraisers to set apart a year's support out of the estate of the deceased, for the use of the minor children; on which application appraisers were duly appointed, and their return was made on April 4, 1922. To this application for a year's support, and to the return of the appraisers, T. R. O'Steen as administrator filed his caveat, which was sustained by the court, and the property was ordered sold. The deed to Mrs. Nannie H. Dame was recorded, and constitutes a cloud on the title of petitioners. They pray that the deed be canceled, and that possession of the property be decreed to be in and be delivered to petitioners, and that they have judgment for rents and profits against Mrs. Dame.

The defendants filed an answer to the petition, admitting some of the allegations and denying others, and averring that there were debts against the estate, and that administration was necessary. The jury returned a verdict for the plaintiffs. A motion for new trial was overruled, and the defendants excepted.

*Morgan & Johnson,* for plaintiffs in error.

*Folks Huxford* and *Parker, Parker & Quarterman,* contra.