## SHADBURN v. VERNER et al.

No. 6780.  September 10, 1929.

*Kelley, Kelley & Ledford,* for plaintiff in error.

*N. L. Hutchins,* contra.

ATKINSON, J.  On or about September 1, 1924, Mrs. A. R. (Nancy) Roberts was legally and regularly adjudged to be an imbecile and incapable of managing her property, and T. C. Shadburn, the plaintiff in error, was duly appointed her guardian and legally qualified as such.  On November 16, 1924, Mrs. Roberts, the ward, died.  T. C. Shadburn offered for probate in common form a will executed by Mrs. Roberts some months prior to her being adjudged an imbecile.  The will was duly probated in common form, and T. C. Shadburn, who was the nominated executor of the will, qualified as executor and took charge of her estate, and continued to act as such executor until the will was offered for probate in solemn form and was set aside, in December, 1926, upon the trial of a caveat filed.  Shadburn undertook to wind up the estate as the guardian of his deceased ward, or as administrator of her estate by operation of law.  In the meantime M. B. Verner applied for and received letters of administration on said estate. Verner and the other plaintiffs filed a petition to restrain Shadburn from acting as administrator.  The petition as amended set up that Verner was the only legally qualified administrator, for reasons which it is not necessary to state here.  Shadburn filed general and special demurrers to the petition.  The court overruled the demurrers, upon the grounds:  (1) That Shadburn had failed to appear and contest the application of Verner for appointment as administrator.  (2) That the petition showed that the ward did not die "pending minority."  Shadburn excepted.

1.  "The ordinaries of the several counties of this State may appoint guardians for the following persons, viz.:  Idiots, lunatics, and insane persons, and deaf and dumb persons when incapable of managing their estates, habitual drunkards, and persons imbecile

6

from old age or other cause, and incapable of managing their estates." Civil Code (1910), § 3089. "Guardians so appointed shall take the same oath and give a like bond with guardians of minors, and their powers, duties, and liabilities shall be the same, and be exercised under the same rules and regulations." § 3090. "When a ward shall die intestate pending his minority, the guardian shall proceed to distribute his estate in the same manner as if he had been appointed administrator upon such estate, and the sureties on his bond shall be responsible for his faithful administration and distribution of such estate." § 3088. All provisions of the Code as to settlements of guardians of minors, their resignation, letters of dismission, and distribution of the estates of deceased wards, apply to guardians appointed under the Civil Code (1910), §§ 3089 et seq.

2. The guardian of the imbecile, after the latter's decease without a will, occupied the status of administrator, and until removed as such the court of ordinary can not lawfully appoint another administrator for the same estate. Compare *Gilbert* v. *Stephens,* 106 *Ga.* 753 (32 S. E. 849), and *Dickerson* v. *Bowen,* 128 *Ga.* 122 (57 S. E. 326), for analogous rulings. The court erred in overruling the demurrer to the petition.

*Judgment reversed. All the Justices concur.*