CALLAWAY, administrator, *v.* ARNOLD *et al.*

No. 9052. June 16, 1932.

*C. E. Sutton,* for plaintiff.   *W. A. Slaton,* for defendants.

Beck, P. J.   F. E. Callaway, as administrator of the estate of B. C. Arnold, deceased, brought an equitable suit for injunction and other relief against W. B. Arnold, C. J. Arnold, Mrs. S. F. Arnold, and the Washington Loan and Banking Company. The petition was duly sanctioned, and a temporary restraining order granted. The defendants, except the Washington Loan and Banking Company, which was a nominal party only, filed an answer denying the legality of the appointment of Callaway as administrator. At the hearing evidence was introduced by both parties, and the court rendered a judgment which, in substance, held that the appointment of Callaway was void, and therefore an injunction was refused. To this judgment the plaintiff excepted.

The court ruled that the controlling question in the case was whether or not the appointment of the plaintiff, Callaway, as administrator of the estate of B. C. Arnold, was a legal appointment; and held, after consideration, that it was not a legal appointment, and that the order appointing him as administrator was void. Whether the appointment was legal, or whether the judgment appointing the administrator was void, is the only question brought before this court for review by the error assigned upon the judgment of the court. It appears from the pleadings and the undisputed evidence, that, some time after the death of B. C. Arnold, Mrs. Dempie Arnold Blackmon filed an application for administration of the estate of her deceased father, B. C. Arnold, who died on January 24, 1930. She testified at the hearing that her mother was too feeble to be appointed, and she was 78 years old, but she had no objection to her mother being appointed; that she petitioned the court to appoint herself, "in order to get something started." To the application of Mrs. Blackmon Mrs. Sarah F. Arnold, the widow of B. C. Arnold, filed a caveat, and in connection with it prayed that she be appointed administratrix, claiming that as the widow of the deceased she was entitled to be appointed, "or to nominate the administrator." After a hearing the court sustained

the caveat in part, overruling that part wherein the caveatrix urged that she be allowed to name the administrator in case she herself was not granted letters; and thereupon the court appointed Mrs. Sarah F. (Mrs. B. C.) Arnold administratrix. This order was passed at the December term, 1931, of the court of ordinary. The order read in part that Mrs. Arnold, the widow of the deceased, be appointed administratrix "upon her giving bond and security in the sum of $20,000, and taking the usual oath of office." At the February term, 1932, of the court of ordinary the court passed another order, reciting the requirement that Mrs. Arnold, appointed as administratrix, be required to give a bond for $20,000; and further, that two months had elapsed and Mrs. Arnold had failed to make the bond and take the oath of office, and that, "it appearing to the court that the best interest of the estate of B. C. Arnold, deceased, requires the attention of a qualified administrator, and some of the heirs at law of said deceased are complaining of delay, it is ordered by the court that the appointment of Mrs. S. F. Arnold, since she does not qualify, is rescinded, and F. E. Callaway, the clerk of the superior court of Wilkes County, Georgia, be and he is hereby appointed administrator of the estate of B. C. Arnold, deceased, and when he shall have given bond in the sum of $20,000, and taken the oath of office, that letters of administration on said estate be issued to him as such." No written application was filed by Callaway for appointment, and there was no advertisement of his application for appointment, nor was there a written motion to set aside the judgment appointing Mrs. Arnold.

On December 18, 1931, about ten days after the order was passed appointing Mrs. Arnold administratrix, R. O. Barksdale, as ordinary, wrote to the attorney for Mrs. B. C. Arnold, and in the letter stated that the appointment of Mrs. Arnold as administratrix "was done on the 7th inst., and now it is the 18th, and she has not qualified, and no reason for not doing so has been given to the court. This delay is not in keeping with the tacit understanding between applicant for letters and the caveator, and the delay is injurious to the interest of some of the heirs at law of the deceased, one of whom is the applicant. Therefore notice is given you as attorney for the caveator that if she, Mrs. B. C. Arnold, does not qualify as such administrator within ten days from this date, another administrator will be appointed by the court." The adminis-

tratrix appointed did not qualify in January, and the ordinary testified: "I took it up with them about the qualification; all of it was done through Mr. Slaton [attorney for Mrs. Arnold.] Thirty days had run. I took it up in December and January with Mr. Slaton. I waited until the February term of court. She had not qualified by February, 1932; the first was the date of court. I don't remember whether Mr. Slaton was over there at the February term of court and made any statement that Mrs. Arnold would qualify. He was at the January term of court, and told me Mrs. Arnold would qualify in a short time. After sixty days elapsed, the other heirs of B. C. Arnold's estate asked me not to close my court until I had made an appointment. I appointed F. E. Callaway. The other heirs did not want to be appointed. I had not gotten any bond or qualification from Mrs. Arnold as late as the February term, 1932, of the court of ordinary. I passed the order on February first, and held it so I could revoke it without its being recorded on the minutes of court, giving her a chance to qualify. She had not qualified by the 12th of February. On February 12th I let Mr. Callaway qualify. I passed an order on first Monday in February, reciting that Mrs. Arnold had been appointed at the December term, 1931, and had waited sixty days without qualifying, and I revoked the appointment. I waited until February 12th before Mr. Callaway qualified, still holding the matter open, and on that day he did furnish bond with an approved surety company. I filed the bond, and he took the oath of office. After Mr. Callaway qualified and took the oath of office, Mr. Slaton brought in a bond for Mrs. Arnold. She had not offered a bond before that time. I had appointed one administrator, and I sent the bond back. I identified some records from my office, among them the order I passed on first day of February. No written application was filed by Mr. Callaway for his appointment. There was no advertisement of his application for appointment. There was no written motion to set aside the judgment appointing Mrs. Arnold filed in my office."

Under the facts shown in this record, the court did not err in holding that the appointment of Callaway was void. Conceding that the matter of the appointment was continued from the December, 1931, term to the February, 1932, term, the court could not have made the appointment without giving notice to the heirs

of the estate. It is true that the ordinary stated in his testimony, "The other heirs did not want to be appointed." This is not an explicit statement that they had declined to be appointed, or at what time they had declined. They might have stated that they did not wish to be appointed while Mrs. B. C. Arnold's and Mrs. Blackmon's applications were pending. Code § 3943, and subsections, are:

"In the granting of letters of administration of any kind, the following rules shall be observed, the applicant being, in all cases, of sound mind, and laboring under no disability:

"1. The husband or wife surviving, irrespective of age, shall be first entitled.

"2. The next of kin, at the time of the death, according to the law declaring relationship and distribution, shall be next entitled; but if the party died testate, the person most beneficially interested under the will shall have the preference. Relations by consanguinity shall be preferred to those by affinity.

"3. If there be several of the next of kin equally near in degree, the person selected in writing by a majority of those interested as distributees of the estate, and who are capable of expressing a choice, shall be appointed."

It might well have been that these heirs of the estate might have selected some one to be appointed, if they had been given notice of Mrs. Arnold's failure to qualify. And no notice was served upon them. Treating notice to the attorney of Mrs. Arnold as notice to her, Mrs. Arnold, the first appointee, alone had notice. In section 3965 of the Code it is provided: "If, from any cause, an estate be unrepresented and not likely to be represented, the ordinary may vest the administration in the clerk of the superior court of the county, or any other person whom he may deem fit and proper—a citation being first published for four weeks, as in other cases; and such clerk, if appointed, shall be compelled to discharge the duties of the office." The interest taken by the heirs in this estate, considering the fact that one of them, Mrs. Blackmon, had actually made application to be appointed administratrix, indicates that there was no likelihood that the estate would be left unrepresented. At any rate, the distributees were entitled to such notice as would give them an opportunity of making application to be appointed administrator, or of selecting one to be administrator. At any

rate, notice should have been given to them under the facts of the case; and the revocation of the order appointing Mrs. Arnold, the widow of the deceased, because of her failure to give the bond, though it appears that she was still attempting to furnish bond, and the immediate appointment of Callaway, without giving notice to the other heirs, renders the appointment of Callaway void, and the court did not err in so holding. In the case of *Dame* v. *McGowen*, 164 *Ga.* 332 (138 S. E. 785), it was held: "When the court of ordinary has granted letters testamentary, administration or guardianship, to a person entitled and capable of discharging the duties of the trust, no new appointment can be made until the former appointment is vacated by death, removal, or in some other way. *Justices* v. *Selman*, 6 *Ga.* 432 (4); *Gilbert* v. *Stephens*, 106 *Ga.* 753 (32 S. E. 849); *Dickerson* v. *Bowen*, 128 *Ga.* 122 (3) (57 S. E. 326); *Knowles* v. *Knowles*, 132 *Ga.* 806 (2) (65 S. E. 128). . . Accordingly, where the court of ordinary has appointed one as administrator upon an estate, and such administrator has neither died nor been removed from such trust in any way; and where application is made to the ordinary of the same county, by one claiming to be next of kin to the same decedent, to be appointed administrator, and notice is published of such application, and on the date of the hearing of the application a caveat is filed to such appointment by one claiming also to be next of kin, and the ordinary appoints the applicant on condition of his giving bond in a certain amount, and provides that on failure to give bond the caveator will be appointed upon his giving the bond required; and where in pursuance of such order neither the applicant nor the caveator gives the bond required and does not qualify as such administrator, and the ordinary without further notice appoints the clerk of the superior court as administrator upon the estate of the decedent, such appointment is void, in the absence of the death, discharge, or removal for any cause of the administrator originally appointed." In that case the appointment of the clerk of the superior court as administrator was held to be void, although the holding resulted in further holding that the sale of lands by the clerk of the superior court as administrator was illegal and void. The rule laid down in *Dame* v. *McGowen*, supra, is positive, and is applicable to the facts of this case. It is true that in the case cited it was stated that the ordinary made the appointment of the

clerk "without further notice." In the present case he made the appointment without further notice except to one of the distributees. The giving of the notice to one of the distributees would not remove this case from the rule laid down in the case last cited.

Judgment affirmed. *Russell, C. J., and Atkinson, Hill, and Gilbert, JJ., concur.*