22372. PHŒNIX MUTUAL LIFE INS. CO. *v.* DANIEL *et al.*

DECIDED NOVEMBER 18, 1932. REHEARING DENIED DECEMBER 6, 1932.

*Williams & Freeman, Horace M. Holden,* for plaintiff.
*J. H. Milner, Will Ed Smith,* for defendants.

PER CURIAM. On May 26, 1931, Phœnix Mutual Life Insurance Company filed a petition in the court of ordinary of Dodge county to have an administrator de bonis non appointed upon the estate of Moses J. W. Daniel. A caveat thereto having been filed by Daniel's heirs at law, the case was, by agreement of the parties, passed upon by Judge Eschol Graham, judge of the superior court of Dodge county, without the intervention of a jury. On March 19, 1932, Judge Graham rendered a judgment in favor of the caveators, and the correctness of that judgment is the only question for determination by this court. The nature of the pleadings in the case and the controlling facts appear from an agreed statement of facts, which is substantially as follows:

Moses J. W. Daniel died intestate, a resident of Dodge county, Ga., on September 4, 1925. W. H. Clark was properly appointed administrator of said estate on May 12, 1926. At the time of the death of the said intestate he was indebted to Phœnix Mutual Life Insurance Company, and there is still a balance due on said in-

debtedness of approximately $2,000. The said intestate died seized and possessed of real estate in Dodge county, and said real estate has never been administered upon; the administrator not having obtained an order to sell the same and not having sold the same; and said land was not divided in kind; the same status existing as to said land now as existed at the time of the death of said intestate; said land being set out in the inventory. This land was returned for taxes as the land of the Moses J. W. Daniel estate in 1929 and 1930. There are unadministered assets of said estate. No notice or citation was given to debtors and creditors by said administrator. Funds derived from other sources than this real estate were divided by the administrator among the heirs. The estate is still indebted to Phœnix Mutual Life Insurance Company. At the May term, 1928, said administrator was regularly discharged as administrator of this estate, his application for discharge and the order granting the discharge reciting that he had fully administered the estate. Citation was regularly run and letters of dismission were issued to said administrator on May 7, 1928. Since the date of said discharge, and prior to the date of the application for letters of administration de bonis non, said W. H. Clark died a resident of Dodge county, Georgia, intestate and insolvent, and there has not been any administration on his estate. The loan was renewed in the name of John W. Daniel, agent, extending time of payment of principal to October 1, 1930, provided interest was paid promptly. It is agreed that the only question involved in this appeal is whether or not the order granting the discharge to said W. H. Clark, administrator as aforesaid, should be set aside and revoked before there can be an administration de bonis non on said Daniel estate; Phœnix Mutual Life Insurance Company taking the position that it is not necessary to set aside said discharge, and caveators taking the position that it is necessary. It is agreed that the agreed statement of facts as set out makes the question purely a question of law, and that the case may be passed upon by the court without the intervention of a jury. Said Moses J. W. Daniel estate is now unrepresented.

There was introduced in evidence the "renewal agreement" referred to in the agreed statement of facts. We quote from this "renewal agreement" as follows:

"Whereas Moses J. W. Daniel did on the 16th day of June, 1920,

make and deliver to Phœnix Mutual Life Insurance Company a deed to certain land in Dodge county, . . for the purpose of securing the payment of a certain principal note for . . $2500, due October 1, 1925, . . and upon which indebtedness there remains unpaid the sum of $2500 principal; and whereas Estate of Moses J. W. Daniel is now the legal owner of said land and desires to procure an extension of the time of payment of said debt until October 1, 1930; now, therefore, in consideration of said . . extension of the time of payment, I hereby assume and undertake the payment of said debt under all the terms of said security deed and note, and agree to pay the principal . . on October 1, 1930, with interest thereon from October 1, 1925, at 6 per cent. per annum, payable annually, for and during the time of said extension, according to terms of 5 coupon extension interest notes hereto attached; . . and in case of nonpayment of any one of said . . notes when due, . . or any failure to comply with the terms of said deed, then the whole of said debt shall . . become due and payable at once, and it may proceed to collect the same under the powers of said deed, or otherwise, it being distinctly agreed that the force and effect of said deed is in no wise lessened by anything in this extension contract. Witness my hand and seal, this January 5, 1926.

"Estate of Moses J. W. Daniel. (Seal.)

"By Jno. W. Daniel (Seal), atty. in fact."

We have studied with much interest the able brief of counsel for the plaintiff in error, and have carefully read the case of McNair v. Howle, 123 S. C. 252 (116 S. E. 279), and like cases. Nevertheless, we are satisfied that it would be contrary to our law for a court of ordinary, with a valid, outstanding judgment of dismissal on record, stating that the estate had been fully administered, to render a second solemn judgment to the effect that the estate had not been fully administered, and that, therefore, it was necessary to appoint an administrator de bonis non to administer the unadministered part of said estate. See, in this connection, Civil Code (1910), §§ 4089, 4090, 4091. We hold that his honor of the trial court did not err in sustaining the caveat and denying the application for the appointment of an administrator de bonis non upon the estate of Moses J. W. Daniel.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur. MacIntyre, J., not presiding.*