**UNITED STATES v. WILLIAMS et al.**

No. 12037.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1947.

HUTCHESON, Circuit Judge, dissenting.

---

Alvin O. West, Atty., Department of Justice, Lands Division, of Washington, D. C., and John P. Cowart, U. S. Atty., of Macon, Ga., for appellant.

Cubbedge Snow, of Macon, Ga., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The United States brought suit for the value of timber cut from a tract of land in Jones County, Georgia, which it had bid in at a judicial sale by F. M. Stewart, Jr., who purported to act as administrator de bonis non of the estate of John Bland. The lands from which the timber was cut by the defendant, Williams, were formerly part of a larger tract owned by John Bland, who died intestate in 1901, a resident of Jones County, Georgia. His widow, Sarah Bland, was appointed administratrix of his estate by the Court of Ordinary of Jones County on June 10, 1901. Thereafter she filed in the Superior Court of Jones County a petition for the admeasurement of dower, and that Court on October 22, 1907, assigned the tract here involved to Sarah Bland for life as her dower estate, and partitioned the remaining lands of John Bland among his thirteen children. Thereafter on Sarah Bland's petition for letters of dismission, reciting that there is

no estate now left in her hands and that she had fully administered and paid all debts due the estate, the Court of Ordinary on December 7, 1908, entered an order discharging Sarah Bland from her administration and issued to her letters of dismission.

In 1924 Sarah Bland died and in November of that year Elizabeth Bland Wilson, a daughter of John Bland, made application to the Court of Ordinary of Jones County for letters of administration on the estate of her father, her petition reciting:

"* * * that John Blann departed this life on or about the 18th day of Sept. 1901, a resident of said county, intestate, leaving an estate not administered, and known as Sarah Blann 'Dower Land', consisting of 135 acres, more or less, of real and personal property of the probable value of two hundred fifty dollars, and that under the law it is necessary that said estate be administered, * * *."

No mention was made in this petition either of the completed administration by Sarah Bland or of her death. Citation having been published according to law and no objection having been offered, the Ordinary appointed Elizabeth Bland Wilson as administratrix of the estate of John Bland and issued letters of administration to her on December 22, 1924. The inventory and appraisal filed by her listed only one item as belonging to the estate, "One hundred and thirty-five acres at Eight Dollars per acre—Value $1,080.00." Elizabeth Bland Wilson made annual returns as administratrix for nine years, the last return being filed February 9, 1934.

In 1934 Elizabeth Bland Wilson died, and on September 3, 1934, F. M. Stewart, Jr., Clerk of the Superior Court of Jones County, Georgia, made application under Sec. 113-1307, Georgia Code to the Court of Ordinary of that county for letters of administration de bonis non on the estate of John Bland because the death of Elizabeth Bland Wilson had left the estate unrepresented and not likely to be represented, with part of it remaining yet to be administered. Accordingly, letters of administration de bonis non were issued to F. M. Stewart, Jr., who filed a petition the following year for an order authorizing the sale of the dower tract. No objection having been filed after publication of citation, an order authorizing sale was accordingly entered, and pursuant to this order the property was sold to the United States at public auction for $626.71, the administrator giving a deed dated June 3, 1936. The heirs, except for Laconia Bland, declined to accept any part of the proceeds of the sale of this property. Accordingly, F. M. Stewart, Jr., was ordered to deposit the balance remaining in his hands in a bank, subject to the order of the Ordinary, after which letters of dismission were issued discharging him from the administration.

The case was tried in the Court below without a jury and judgment entered in favor of the defendants on the theory that the appointment of Stewart as administrator de bonis non was void because the judgment of discharge granted to Sarah Bland, the original administratrix of the estate, adjudging that such estate had been fully administered, was a final judgment which had not been vacated nor set aside, without which the Ordinary had no power thereafter to make valid appointments of administrators de bonis non, and consequently the appointment of Stewart as such administrator was void and his deed vested no title in the United States.

No debts were outstanding against the estate of John Bland, either at the time of the appointment of Elizabeth Bland Wilson as administratrix or at the time of the appointment of Stewart as administrator de bonis non, and it seems that under the law of Georgia a sale by an administrator of the reversionary interest of dower lands is illegal unless it is necessary to pay the debts of the estate.[1]

---

[1]"But the sale was void, if, at the time the authority to sell, given by this order, was exercised by the administrator, there was no necessity to sell the reversionary interest in the dower lands to pay the debts of the deceased. * * *

"The Civil Code 1910, § 4094, declares that:

"'No administrator * * * shall be authorized to sell the reversionary interest in the land set apart as dower during the lifetime of the widow, except it be necessary to pay debts.'"

Robinson v. Smith, 159 Ga. 269, 125 S.E. 593, text 595, 596.

■■ But the main contention of the Government is that the Court of Ordinary, in the matter of the administration of estates, is a Court of general jurisdiction, and that its judgment appointing the administrator de bonis non and ordering sale of the lands cannot be collaterally attacked unless the record negatives the jurisdictional facts. Appellees also insist that this is the law, but that the rule works both ways. It was the conclusion of the lower Court that this rule should be applied to the decree of the Court of Ordinary discharging the original administrator and adjudging that the estate had been fully administered, and that such decree, unless set aside or vacated, excluded the Court of Ordinary from the power to appoint the subsequent administrators. The lower Court's conclusion appears to be abundantly supported by the Georgia Courts.

In Phoenix Mutual Life Insurance Company v. Daniel, 46 Ga.App. 129, 167 S.E. 117, 118, it was said:

"Nevertheless, we are satisfied that it would be contrary to our law for a court of ordinary, with a valid, outstanding judgment of dismissal on record, stating that the estate had been fully administered, to render a second solemn judgment to the effect that the estate had not been fully administered, and that, therefore, it was necessary to appoint an administrator de bonis non to administer the unadministered part of said estate."

113-2305 of Georgia Code Annotated provides:

"Whenever an administrator or executor has fully administered the estate except the reversionary interest in the land set apart as dower, and it is not necessary to administer the same to pay debts, such administrator or executor shall be entitled to letters of dismission * * *."

In Thompson v. Chapeau, 132 Ga. 847, 65 S.E. 127, the Court said:

"We are of the opinion that the judgment of the court of ordinary, granting letters dismissory to Chapeau as executor of the plaintiff in error was seeking to have the will of George W. Thompson, which propounded for probate in solemn form,

was conclusive in his favor as against the applicant, so long as it remains of force and until set aside upon some legal and sufficient showing in proceedings instituted for that purpose in a court of competent jurisdiction. To hold otherwise would take the judgment granting letters dismissory to an executor, after citation duly published, without the operation of the principle that a judgment rendered by a court of competent jurisdiction and regular upon its face is to be deemed conclusive until it is duly set aside."

In Summerlin v. Floyd, 124 Ga. 980, 53 S.E. 452, Syllabus No. 1 (by the Court) reads as follows:

"The construction to be placed upon the Civ.Code 1895, § 3511 (which declares that a discharge obtained by an administrator 'by means of any fraud practiced on the heirs or ordinary is void and may be set aside on motion and proof of the fraud'), is that while the judgment of the court of ordinary discharging an administrator is open to attack on the ground that it was fraudulently procured, it is to be deemed 'void' only when, in a proceeding to set it aside, the proof shows it was secured by practicing a fraud upon the heirs at law or upon the ordinary. Read in connection with the context, the term 'void' is to be understood as the equivalent of 'voidable.' See 29 Am. & Eng.Enc.L. (2d Ed.) 1068 and citations. The provisions of this section of the code do not alter the cardinal rule that a judgment rendered by a court of competent jurisdiction, and regular upon its face, is to be deemed conclusive until it is duly set aside, either on motion in the court in which it was rendered, or in an equitable proceeding instituted in the superior court. Carter v. Anderson, 4 Ga. 516; Mobley v. Mobley, 9 Ga. [247], 249; Jacobs v. Pou, 18 Ga. 346; Cook v. Weaver, 77 Ga. [9], 10; Pollock v. Cox, 108 Ga. [430], 433, 434, 34 S.E. 213."

See also: Justices of Inferior Court of Morgan County v. Selman, 6 Ga. 432; Gilbert v. Stephens, 106 Ga. 753, 32 S.E. 849; Knowles v. Knowles, 132 Ga. 806, 65 S.E. 128; Whitley Grocery Co. v. Jones, 128 Ga. 791, 58 S.E. 623; Dame v. McGowen, 164 Ga. 332, 138 S.E. 785, and Crow v. Martin, 66 Ga. 76, 17 S.E.2d 90, 91.

As against the above contention, appellant relies on the case of Goff v. First National Bank of Tifton, 170 Ga. 691, 153 S.E. 767, 768, wherein the Court said:

"If the estate was unrepresented, the creditor should have the discharged administrator made a party, and have the judgment of discharge set aside * * *; or an administrator de bonis non should be appointed."

The Government insists that the clause "or an administrator de bonis non should be appointed" does away with the necessity of having the judgment of discharge of the former administrator set aside. We do not believe that this clause in the opinion was intended to overrule all of the cases holding that it is necessary to have the judgment of discharge set aside. On the contrary, we think that the Court intended merely to hold that if, after the decree was set aside, the discharged administrator was not then made a party so that the estate would be represented, an administrator de bonis non should then be appointed. Such a construction would be in harmony with what seems to be the uniform decisions of the Georgia Courts on the subject.

Title to lands is often dependent upon decrees adjudging that the estates have been fully administered and that the administrator stands discharged. Especially would that be true in Georgia which has statutes providing that administrators shall not be authorized to sell lands of the estate, or to sell the reversionary interest in lands set apart as dower, except for the purpose of paying debts. Such decrees not only protect the administrator and his bondsmen from devastavits, but also those who acquire lands in reliance on the adjudication that the debts have been paid and the estate fully administered.

We agree with the lower Court that it was necessary to set aside the decree of the Ordinary wherein it was adjudged that the estate had been fully administered and that the administrator was discharged before a second or a third administrator could be appointed, without which the appointment of the administrators de bonis non were without authority and void, and that the deed from the administrator de bonis non to the United States was likewise void.

■ The plaintiff could win only upon the strength of its own title and since it showed by its own evidence a fatal defect in its title, it cannot prevail here.

■ The deed from the administrator de bonis non to the United States is void for the further reason that the administrator was not in possession of the lands in question at the time of making the deed but, on the contrary, they were held adversely by heirs of John Bland.

113-1714, Code of Georgia, Annotated, Civ.Code 1910, § 4033, provides:

"An administrator may not sell property held adversely to the estate by a third person; he shall first recover possession."

In Davitte v. Southern Railway Company, 108 Ga. 665, 34 S.E. 327, the Supreme Court of Georgia stated in its first headnote:

"On the death of an intestate, title to land of which he died seised and possessed descends directly to his heirs at law. When, after his death, such heirs enter into possession of land which he owned, such possession is in their own right, and is adverse to that of an administrator subsequently appointed. Before an administrator can legally sell the land so held, he must recover possession; and while an order of the court of ordinary directing the administrator to sell the land of the intestate is conclusive evidence of the necessity of the sale, and entitles the administrator to recover, no legal sale can be made until the recovery be first had. (a) Where such heirs, in writing, having given to another authority to enter upon the land of which they are in possession, and to which they have such title, to lay thereon for temporary uses a railway track, the right of the person having such authority, or his assignee, will prevail over that of another who claims to have purchased the land at an administrator's sale made while the heirs were in the adverse possession thereof."

See also Booth v. Young, 149 Ga. 276, 99 S.E. 886; Smith v. Duhart, 152 Ga. 554, 110 S.E. 301; Pickron v. Pickron, 147

Ga. 657, 95 S.E. 238; Walker v. Steffes, 139 Ga. 520, 77 S.E. 580.

It is undisputed in this case that the administrator de bonis non was not in possession of the lands at the time of the making of the deed, or at any other time, but that, on the contrary, same were in the adverse possession of the heirs of John Bland.

The United States was the purchaser at the sale by the administrator and took its deed subject to whatever infirmities with which the proceedings by which it secured its claim of title were afflicted. As was said by Chief Justice Bleckley in Lowe v. Rawlins, 83 Ga. 320, 10 S.E. 204, 6 L.R.A. 73:

"The rule of caveat emptor as to all purchasers at judicial sales is not only recognized by many decisions of this court, (see McWhorter v. Beavers, 8 Ga. 300; Worthy v. Johnson, [8 Ga.] 236, [52 Am.Dec. 399]; Methvin v. Bexley, 18 Ga. 551; Colbert v. Moore, 64 Ga. 502) but is expressly declared by statute (Code § 2622)."

The sale to the appellant was a judicial sale. Green v. Freeman, 126 Ga. 274, 55 S.E. 45, 7 Ann.Cas. 1069.

The judgment of the Court below is affirmed.

HUTCHESON, Circuit Judge (dissenting).

Notwithstanding the opinion of the majority, that the district judge was right in holding that, because Sarah Bland's discharge as administratrix had not been set aside, the deed of Stewart, as administrator, under which the government claimed, was null and void, I am firmly convinced that this holding is not in accord with Georgia law. Because I am, I have undertaken to set the case out as it was made below and as it comes up here, and, with sufficient fullness to make them clear, my reasons for the view I hold.

The suit, tried to the court without a jury, was for the value of timber cut from, and for logging damage to, a tract of land in Jones County, Georgia. The claim was that on June 3, 1936, the United States had acquired the land by deed from F. M. Stewart, Jr., Administrator de bonis non of the Estate of John Bland, and defendants had thereafter entered on the land, cut the timber, and done the damage sued for.

There were two defenses. The first was a general denial. The second was: that the Estate of John Bland had been fully and completely administered by Sarah Bland; that she had been discharged as administratrix on December 7, 1908; that her discharge as administratrix had never been set aside; and, therefore, the appointment, and the deed, of Stewart were null and void.

The cause was submitted on stipulations, admissions, oral evidence, and the records in the proceedings in the Estate of John Bland, deceased, in the Court of Ordinary, Jones County, Georgia, and in those of the dower and partition proceedings had by the Blands in the Superior Court of said county, all as set out in the majority opinion.

Agreeing with the defendants that the appointment, and the deed, of Stewart as administrator were null and void because Sarah Bland's discharge as administratrix had not been set aside, the district judge gave judgment for the defendants.

The United States is here insisting: that neither the appointment of Stewart as administrator[1] by the Court of Ordinary nor the deed executed under its authority[2]

---

[1] "The court of ordinary in the matter of administering estates is a court of general jurisdiction; and therefore its judgments cannot be collaterally attacked, unless the record negatives the existence of the necessary jurisdictional facts." Scarborough v. Long, 186 Ga. 412, 197 S.E. 796, at page 798; Marshall v. Marthin, 192 Ga. 613, 15 S.E.2d 861.

[2] "An order of the court of ordinary granting leave to sell land is a judgment of a court of original, general, and exclusive jurisdiction of the sale and disposition of real property belonging to deceased persons' estates, and cannot be collaterally attacked." Thomas v. Couch, 171 Ga. 602, 156 S.E. 206, at page 211.

In Copeland v. Kimbrough, 149 Ga. 683, 102 S.E. 162, 163, it was said:

"The controlling question is whether the order of the court of ordinary granting leave to sell the land is void. If it is

is subject to *the collateral attack* pressed upon it in the answer; and that the judgment sustaining the defense was therefor error and must be reversed.

Appellees admitting, as indeed they must, that the *attack was a collateral one,* insisted (1) that both appointment and deed are void and, therefore, may be thus attacked, and (2) that if the appointment was not void the deed was, because the title to the property had long before vested in the heirs and was not subject to be administered upon and sold. The majority agrees with these views. I cannot agree with either of these positions. On the contrary, I think it clear that appellant has the right of it and that the judgment ought to be reversed.

Appellees' reliance for its first point upon Phoenix Mutual Life Insurance Co. v. Daniel, 46 Ga.App. 129, 167 S.E. 117, in support of its collateral attack on the judgment of the Court of Ordinary will not, I think, at all do. I put to one side as unnecessary for comment the insistence of the United States that the cited case is without authority because in conflict with Goff v. National Bank of Tifton, 170 Ga. 691, 153 S.E. 767, because I do not think the Phoenix case at all supports the judgment of the court below. It *was a direct proceeding* for the appointment of an administrator. *It was not, as here, a collateral attack upon administration proceedings instituted and concluded many years before.* What appellees and the majority need to support their position here, *that the collateral attack on Stewart's deed can prevail,* is authority holding that where dower has been set aside, the widow without administering on the dower property has been discharged and later dies so that the dower falls in, title has passed out of the estate and into the heirs and the Court of Ordinary is without jurisdiction to appoint an administrator for the dower property and sell it either for the payment of debts or for purposes of distribution. Neither appellees nor the majority opinion cite authorities to this effect. There are none. On the contrary, the procedure in this case has been throughout in strict accordance with the provisions of the Georgia Code 1933.[3] The property in question here had been set apart to the widow as dower and she had paid all the debts of the estate without having to sell the dower interest. When she died her dower interest fell in and, not having been administered upon,[4] became subject to administration. The widow having been discharged as administratrix, it became proper, as was done here, to appoint an administrator de bonis

---

void, it may be attacked collaterally. If valid on its face, it cannot be collaterally attacked. * * * The court of ordinary has general jurisdiction of estates, testate and intestate. 'The order of the court of ordinary granting leave to an administrator to sell the lands belonging to the estate he represents is his authority for so doing. The authority being shown, the law "presumes the court of ordinary required all the law requires to have been done before granting the order to sell, and we will not go behind that judgment." ' "

And Williams v. O'Neal, 119 Ga. 175, 45 S.E. 978, puts it thus:

"Where an application by an administrator to the court of ordinary for leave to sell property of his decedent represented that the purpose of the intended sale was to pay debts of the estate, and an apparently valid judgment was rendered granting the application, the judgment containing no recitals as to the grounds on which the application was based, it was not a ground to set that judgment aside as void that in fact the estate in question owed no debts."

[3] Sec. 113-901: "Upon the death of the owner of any estate in realty * * * the title shall vest immediately in his heirs at law, subject to be administered by the legal representative, if there is one, for the payment of debts [and] the purposes of distribution."

Sec. 113-2305: "Whenever an administrator or executor has fully administered the estate except the reversionary interest in the land set apart as dower, and it is not necessary to administer the same to pay debts, such administrator or executor shall be entitled to letters of dismission * * *."

Sec. 113-1710: "No administrator or executor shall be authorized to sell the reversionary interest in the land set apart as dower during the lifetime of the widow, unless necessary to pay debts."

[4] The court found, on a record supporting the findings, that "the land of John Bland was not administered by Sarah Bland, administratrix of the Estate of John Bland."

non and to sell the property for distribution,[5] and the fact that some years had elapsed since the death of the decedent is of no significance.[6]

The authorities[7] appellees cite on their second point, that the deed was void because the property had passed out of the estate and into the heirs, do not support it. They merely apply and give effect to Georgia Code Sections 113-801[8] and 85-709,[9] dealing with legacies and the inurement to the benefit of the remainderman of the assent of the executor to a legacy to the tenant for life. In the Pope case, the court, setting out these code articles and quoting from Watkins v. Gilmore (note 7 supra), said:

"At the time the ordinary granted the order and recited therein that the land had reverted to the estate of the testator, the land had not reverted, and was no part of the estate. The assent of the executors perfected the inchoate title of the devisees, and at the death of G. W. Watkins the remaindermen had the right to take immediate possession. This land was no part of the estate, and the order to sell it was void for want of jurisdiction. Such order, being void, could be attacked anywhere, and at any time. The title to the land having passed out of the estate into the devisees, the executors have no right to recover it as part of the estate. * * * After the assent of the executors and the death of the life tenant, the land in controversy was the property of the remaindermen, and the title vested in them as completely, as against the estate and the

executors, as though it had never formed any part of the estate."

The authorities cited and discussed in the majority opinion all have to do with the effect of a discharge on the liability of the administrator, and they properly hold that such a discharge, until set aside, protects him and his bond. They do not hold that in a situation of this kind, (where the dower not being subject to administration during the life time of the widow), her discharge as administratrix prevented the court from appointing an administrator de bonis non to administer the dower property, after her death and its falling in made the dower subject to administration.

Because the district judge was of the opinion that the appointment of Stewart as administrator de bonis non was void, he did not consider or determine any other question in the case. The majority, however, in addition to affirming the judgment on the ground considered and determined by the district judge, has put forward another ground for its affirmance. This ground is that the property at the time of the Stewart administration was held adversely to the estate by the heirs, and the administrator sold without first recovering possession.

If I could agree with the majority that the evidence *in this case undisputedly established* that, at the time of the administrator's sale, the property was possessed adversely to the estate by the heirs of John Bland, I would of course, agree that for that reason,[10] and not for the reason

---

[5] Haden v. Sims, 127 Ga. 717, 56 S.E. 989; Cf. Redfern on Wills and Administration of Estates, Revised Edition, 1938, Sec. 308.

[6] In Medlin & Sundy v. Downing Lumber Co., 128 Ga. 115, 57 S.E. 232, a collateral attack on the appointment of an administrator and a sale for distribution among the heirs was denied, and the appointment and sale were sustained.

[7] Watkins v. Gilmore, 121 Ga. 488, 49 S.E. 598; Pope v. Stanley, Ga.Sup., 42 S. E.2d 488, 490.

[8] Sec. 113-801: "Assent of executor to devise or legacy; necessity to pass title.—All property, both real and personal, being assets to pay debts, no devise or legacy passes the title until the

assent of the executor is given to such devise or legacy".

[9] Sec. 85-709: "Assent of executor to legacy to life tenant; effect as to remainderman.—The assent of the executor to a legacy to the tenant for life inures to the benefit of the remainderman. Remainderman, at the termination of the life estate, may take possession immediately. * * * "

[10] In Thrift Bros. v. Baker, 144 Ga. 508, 87 S.E. 676, 677, on the authority of Art. 4033, Civil Code 1910, Ga.Code Ann. § 113-1714, providing: "An administrator may not sell property held adversely to the estate by a third person; he shall first recover possession", the court declared that a deed of the admin-

assigned by the district court, the sale was void and could be collaterally attacked. But I think it too clear for argument that the record does not show undisputedly, or even with any cogency, that at the time of the sale the land was adversely possessed. This issue of possession adverse to the estate was not made. Neither the United States nor the appellees had any opportunity to try it out, and such evidence as the record contains about possession was offered on the issue of whether the United States had adverse possession sufficient to give title by limitation,[11] which issue and the issue of whether or not the sale was void because the discharge of Sarah Bland had not been set aside were the only issues tried. Under these circumstances, to affirm the judgment on the ground that the land was adversely possessed at the time of the sale would be to affirm it on an issue neither made nor tried out below.

If, on another trial, the appellees can show that the administrator did not have possession at the time of the sale but the land was held in adverse possession to the estate, they may, of course, *contest, not the administration, but the sale, collaterally.* Unless such facts are shown, however, the sale is not subject to collateral attack, and judgment must go for plaintiff. I would therefore, reverse the judgment and remand the cause to afford the parties an opportunity to tender and try the issue whether at the time of the administrator's sale the land was adversely possessed.

I dissent from the affirmance of the judgment.

---

istrator to property held adversely was not voidable but void. The court said: " * * * a purchase of land at administrator's sale, while the land is held in adverse possession to the estate which the administrator represents, derives no interest or title to the land by virtue of his purchase and the deed given in pursuance of the sale."

11 On the contrary, Mr. Snow, attorney for the defendants said: "I do not mind admitting that John Bland died in possession of the estate, if you are bothered about proving possession. He died in possession of the land."

Mr. Gautier, for the Government: "I think you said the only thing involved was the question of title. In other words, we are both claiming under the same common grantor, under the Estate of John Bland.

Mr. Snow: "Before we come to offering evidence with respect to the stipulation, those facts we admit are true but I would like to make an objection to them on the ground that they are totally irrelevant and immaterial to support any claim or the basis of any claim for adverse possession.

Mr. Gautier: "They may not establish adverse possession but they, together with other facts, that we expect to prove, will establish it."